### GRAVES *vs.* THE STATE OF GEORGIA.

1. That a copy of the Code was carried into the jury-room will not necessitate a new trial, where it appears that the jury had already agreed upon their verdict, and procured the Code only for the purpose of putting the finding in proper form.
2  The evidence was sufficient to warrant a conviction, although circumstantial.

Practice in the Supreme Court. Jury. Verdict. New trial. Before Judge HILLYER. Newton Superior Court. March Term, 1879.

Reported in the decision.

J. J. FLOYD, for plaintiff in error.

F. D. DISMUKE, solicitor-general, by F. L. HARALSON, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder, and on his trial therefor was found guilty of involuntary manslaughter in the commission of an unlawful act. A motion was made for new trial on the grounds : First,

because the jury, while in their room considering their verdict, procured a copy of the new Code of 1873, and had it in their room while deliberating on the case. Second, because the verdict is contrary to law and without evidence to support it. The motion was overruled, and defendant excepted.

It appears from the record that the affidavit of two of the jurors were filed in support of their verdict, in which they state that the Code was not brought into the jury-room until their verdict had been unanimously agreed on, and then only for the purpose of enabling the jury to put their verdict in proper form.

2. The having the Code in the jury-room being satisfactorily explained, the next question to be considered is whether there is sufficient evidence in the record to support the verdict. If there is, then it is not contrary to law. It appears from the evidence in the record that the difficulty originated in a house where several colored people were dancing, and that the deceased was killed by a wound upon his head during the general melée which occurred there that night. There is a great deal of evidence in the record as to what transpired between the different parties who seem to have been engaged in a general riot. Shed Cobb, a witness who testified in behalf of the state, says that the defendant had a stick about two and a half feet long, and had, during the disturbance in the house, knocked down Crawford Floyd with it, who was making at him with his knife open. Deceased also made at defendant with his knife, and defendant was striking at him with his stick, but Eb. Rogers was between them knocking off defendant's licks. The defendant and deceased were about three feet apart. Monroe Heard, a witness for the state, says, that at this this stage of the difficulty between defendant and deceased the light was blown out, and when the light was brought back they were picking deceased up at the place where witness saw him standing when the light was blown out. The defendant had the stick raised at the time the light was

blown out and it was no time after the light was blown out when deceased was knocked down. It was also proven that after the difficulty the defendant put the stick he had in the fire and burnt it up. There was no direct evidence that the defendant hit the deceased with the stick. Was the circumstantial evidence sufficient to authorize the jury to find that he did? The object of all legal investigation is the discovery of truth. Direct evidence is that which points immediately to the question at issue. Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts sustaining by their consistency the hypothesis claimed. Code, §§3747, 3748. In our judgment there is sufficient evidence to support the verdict. The evidence offered by the defendant in relation to the brick-bat being found near the head of the deceased, was a question for the jury, and they have passed upon it. Assuming that the defendant did strike the deceased with the stick, as the jury have found that he did, and thereby caused his death, such killing was unlawful for the reason that he was not in danger of any serious personal injury at the time, Eb. Rogers being between him and the deceased. In view of the evidence contained in the record, we find no error in overruling defendant's motion for a new trial.

Let the judgment of the court below be affirmed.