TERRITORY OF DAKOTA, Defendant in Error, *v.* KING, Plaintiff in Error.

1. Criminal Law — Special Plea — Sufficiency.

A plea that the defendant has already been convicted of the offense charged in the indictment and was thereafter acquitted by the judgment of the court, is a nullity. It is not sufficient either as a plea of former conviction or acquittal.

2. Same — Trial — Statement of Issue — Sufficiency.

Section 343, C. Cr. Pro., provides that in a prosecution for felony, "the

clerk or district attorney must read [the indictment] and state the plea of the defendant to the jury." Where these directions had not been complied with, but it appeared the district attorney stated the offense charged, and the defendant's plea to each juror as he was being impaneled, and that after the jury had been sworn to try the case, in his opening remarks, he stated to them the allegations of the indictment in substance, the plea and the proof he expected to introduce. *Held*, that the jury were sufficiently informed of the issue they were to try, and the denial of a new trial for the omission stated was proper.

**3. Same — Instructions as to Agreeing upon Verdict.**

A jury having been out twenty-eight hours in a prosecution for felony, and having been brought in for further instructions, the court, after giving the instructions, stated to them : " I think you will be able to arrive at a verdict in this case; the case has been twice tried at a great deal of expense to this county, and it seems to me, gentlemen, that you ought to agree on a verdict." *Held*, that while these remarks were objectionable, they would not warrant setting aside the verdict.

**4. Same — Jury — Separation.**

Where, in a prosecution for felony, the jury separated after the case had been finally submitted to them, but it appeared that none of the jurors had had any communication with any one during their separation respecting the matter under consideration, *held*, their verdict should not be disturbed.

**5. Same — Verdict — Impeachment.**

A verdict cannot be impeached by the affidavits of the jurors.

(Argued and determined at the February Term, 1889.)

ERROR to the district court, Beadle county; Hon. JAMES SPENCER, Judge.

The plaintiff in error, Benjamin King, was indicted for an assault with intent to do great bodily harm. To this indictment he entered a plea of not guilty, and also a plea of former conviction as it was termed in the record. It was in these words : " The defendant, Benjamin F. King, on his own behalf plead to the indictment found at the February, 1888, term of the district court herein that he has already been convicted by the jury of the offense charged in this indictment, to-wit : on the 13th day of April, A. D. 1887, and thereafter discharged and acquitted by the judgment of the court herein on, to-wit : May 2, 1887." The prosecution interposed a demurrer to this plea. The court sustained the demurrer and the defendant excepted. The case then proceeded to trial on the plea of not guilty and the defendant was

convicted. The crime with which he was charged constituted a felony under the statutes of the territory.

Immediately after the rendition of the verdict the defendant gave notice of an intention to move for a new trial for substantially the following reasons : The omission of the prosecution to read the indictment to the jury and state the defendant's plea thereto, as required by section 343, C. Cr. Pro.; instructions of the court ; separation of the jury and their misconduct.

It appeared by the affidavits of the defendant's counsel that after the jury were impaneled and sworn, neither the district attorney, nor the clerk of the court, read the indictment, or stated the defendant's plea to the jury. This was not controverted by the prosecution, but it appeared by the affidavit of the district attorney that in impaneling the jury he stated the offense charged in the indictment against the defendant and his plea thereto, to each juror as he was being impaneled, and that after the jury had been impaneled and sworn, in his opening remarks he in substance stated the allegations of the indictment and the plea, and also fully stated the facts he proposed to prove under the indictment.

After the jury had been sent out to deliberate on their verdict, they desired further information upon the law of the case, whereupon they were brought in and instructed in the presence of counsel for the territory and defendant. At this time they had been out twenty-eight hours, and the court in concluding its instructions used to them the language quoted in the third headnote. The defendant excepted to these remarks.

It also appeared on the motion for a new trial that immediately after the case had been finally submitted to the jury, they were permitted to separate for a five minutes recess. This was in the afternoon. In the evening eleven of the jurors were taken from their room, and with bailiffs went in a body about ten squares away to a hotel for supper. The twelfth juror, being lame and unable to accompany the others, remained locked up in the jury-room during their absence. On the following morning a like separation occurred for breakfast. After notice of the application for a new trial, the court called the jury together and examined them, and it appeared none had talked with any one as to the

matter under consideration during their separations and while they were out of their room.

It appeared by the affidavits of two of the jurors that on returning from one of their meals, one of the jurors took from the court room a copy of the Compiled Laws of the territory, which contained all of the statutory provisions concerning the crime with which the defendant was charged. It also appeared by these affidavits that these provisions of the statute were read and discussed by the jury before determining upon their verdict. On the motion of the prosecution these affidavits were stricken from the record, and the defendant excepted. The motion for a new trial having been denied and final judgment entered, the defendant sued out this writ.

*J. B. Kelley*, *A. B. Melville* and *G. C. Cooper*, for plaintiff in error.

The plea of former conviction raised an issue of fact. §§ 292, 293, C. Cr. Pro.; Pudgen v. State, 1 H. & T. Cr. Def. 424; People v. Kinsey, 51 Cal. 278.

The court coerced the verdict. State v. Hurst, 3 Am. Crim. Rep. 100; State v. Bybee, 2 id. 449.

The indictment should have been read and the defendant's plea stated to the jury. § 343, C. C. Pro. This section is mandatory. Galloway v. Commonwealth, 5 Cr. L. M. 143; U. S. v. Reid, 12 How. 361; Territory v. Christensen, 31 N. W. Rep. 847; 1 Bish. Cr. Pro. 91.

In case of felony injury is presumed on the separation of the jury. People v. Backus, 5 Cal. 275; People v. Brannigan, 21 id. 338; Daniel v. State, 2 Am. Cr. L. 421; Maher v. State, 3 Minn. 329.

The jury must receive the law from the court. §§ 345, 347, 377, 384, 343, C. Cr. Pro. The jurors taking the statutes in and reading them requires the granting of a new trial. State v. Patterson, 45 Vt. 308; S. C., 12 Am. Rep. 200; Merrill v. Nary, 10 Allen, 416; Newkirk v. State, 27 Ind. 3; Harrison v. State, 37 Mo. 35; Harris v. State, 40 N. W. Rep. 317; Hopt v. People, 104 U. S. 631; 18 Conn. 543; 6 R. I. 33; 50 Me. 409; 7 N. W. Rep. 607; Merriam, Juries, 492; 9 Am. Cr. L. M. 628. The affidavits

of the jurors should have been received.    Harris v. State, *supra*;
11 Ia. 62 ;· 20 id. 195.

*T. L. Skinner, Attorney-General,* and *W. B. Sterling, District Attorney,* for defendant in error.

The plea of former conviction was bad on its face.

The language of the court to the jury at the time they were
further instructed was not coercive.

As the jury understood the precise charge against the defendant and his plea thereto, the defendant was not injured by the
omission to read the indictment and state the plea.    People v.
Sprague, 53 Cal. 494 ; Osgood v. State, 25 N. W. Rep. 529 ;
State v. Green, 23 id. 154.

The defendant was not prejudiced by the separation of the
jury.    That being so, the verdict will not be disturbed.    People
v. Bonney, 19 Cal. 427 ; People v. Symonds, 22 id. 348 ; Territory v. Chenowith, 5 Pac. Rep. 532 ; Territory v. Nichols, 2 id.
78 ; State v. Bailey, 3 id. 776 ; Cook v. Territory, 4 id. 887 ;
State v. Fertig, 30 N. W. Rep. 633 ; Crockett v. State, 8 id. 603 ;
People v. Douglas, 4 Cow. 26 ; People v. Ransom, 7 Wend. 493 ;
Eastwood v. People, 3 Park. 44 ; Thom. & M. Juries, 396.

The verdict could not be impeached by affidavits.    People v.
Carnal, 1 Park. 256 ; Wilson v. People, 4 id. 619 ; People v.
Hartung, 17 How. Pr. 87 ; Dalrymple v. Williams, 63 N. Y. 363 ;
Williams v. Montgomery, 60 id. 648 ; People v. Baker, 1 Cal.
406 ; People v. Doyell, 48 id. 85 ; State v. Underwood, 57 Mo.
40 ; Woodward v. Leavitt, 107 Mass. 453 ; Territory v. Taylor,
1 Dak. 479.

By the COURT:
This case is affirmed :

1. The plea interposed by the plaintiff in error was a nullity.
It was neither good as a plea of former conviction, nor as a plea
of former acquittal.

2. There was no error in that part of the charge complained of,
although the words used by the judge, while in some respects objectionable, were not such as to require a reversal of the case.

3. The failure of the district attorney to formally read the indictment and state the plea to the jury after they were sworn,

was not error, as the record shows that the jury were sufficiently informed of the nature of the charge against the plaintiff in error, and also of his plea — the character of his defense.

4. Under the facts as to the separation of the jury the defendant could not possibly have been prejudiced.

5. The affidavits of jurors cannot be used to impeach their verdict.

All concur except SPENCER and CROFOOT, JJ., not sitting.