## EDWARD THOMPSON CO. V. GUNDERSON.

1. A verdict will not be set aside, and a new trial granted, for the alleged misconduct of jurors, where it affirmatively appears that the jurors complained of, during a brief separation for an innocent purpose, neither conversed nor held other communication with any one on any subject, and could not have been influenced in any manner.

2. Affidavits of jurors are admissible to sustain, but not to overthrow, the verdict.

(Opinion filed May 26, 1897.)

Appeal from circuit court, Hughes county.  Hon. A. W. CAMPBELL, Judge.

Action to recover subscription price for certain law books. Plaintiff had judgment and from an order denying his motion for a new trial, defendant appeals.  Affirmed.

The facts are stated in the opinion.

*Wilson L. Shunk* and *Albert Gunderson*, for appellant.

Separation of the jury vitiates the verdict.  Moush v. Commissioners, 21 Kan. 484; Silvery v. State, 71 Ga. 553; State v. Hornly, 32 La. An., 1268.  Unauthorized communication with juror will be presumed prejudicial.  Edney v. Baum, 62 N. W 461; Peterson v. Siglinger, 3 S. D. 255; 52 N. W. 1060.

*Horner & Stewart*, for respondent.

Separation of itself will not vitiate the verdict.  There must be some ground for suspicion that the irregularity has prejudiced the appellant and had some influence on the final result of the cause, and must have resulted in probable injury to the complaining party.  City of New Albany v. McCulloch, 26 N. E. 1074; People v. Moore, 41 Cal. 238; Dozenback v. Raymer, 22 Pac. 787; Chemical etc. Co. Hower, 23 N. E. 317; Smith v. Thompson, 1 Cow. 221; *Ex parte* Hill, 3 Id. 355; Horton v. Horton, 2 Id., 589; Bledsoe v. Bledsoe, 1 S. W. 10; 3 Wait's Pr., 186-7; Hayne, New Tr., § 69.

HANEY, J.  Defendant appeals from an order denying his motion for a new trial, made on the ground of misconduct of

the jury. The alleged misconduct consists in the temporary separation of two jurors from the others after the case was submitted, and while the jury was absent from the jury room, in charge of a bailiff, for the purpose of taking supper. The affidavits of two jurors were read in support of the motion, to which plaintiff made proper and timely objection. They should not have been received, and cannot be considered. It is the settled law in this state that the testimony of jurors is inadmissible in support of a motion to set aside a verdict on the ground of mistake, irregularity, or misconduct of the jury, or some one or more of them, except in the cases expressly authorized by the legislature. Murphy v. Murphy, 1 S. D. 316, 47 N. W. 142; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Ulrick v. Trust Co , 2 S. D. 285, 49 N. W. 1054; Territory v. King, 6 Dak. 131, 50 N. W. 623. Although the testimony of jurors will not be received to impeach their verdict, it does not follow that such testimony will not be received to sustain it when assailed. If the jurors are accused of misconduct, they may always show, by their oaths, not only in their own vindication, but, in furtherance of justice, that they were not guilty of the misconduct charged against them. 2 Thomp. Trials, § 2623; Power Co. v. Howard (Mass.) 23 N. E. 317; People v. Hunt, 59 Cal. 432; Jones v. State, 89 Ind. 82; Hutchinson v. Coal Co., 36 N. J. Law, 24; State v. Underwood, 57 Mo, 40; Downer v. Baxter, 30 Vt. 467. The affidavit of Juror Andrews was properly received for the purpose of showing that he was not, in fact, guilty of any misconduct which was prejudicial to the rights of the parties. The only reason for not allowing jurors to separate after a cause has been submitted is to prevent them from being improperly influenced by others; and when, as in this case, it affirmatively appears that during a temporary separation for an innocent purpose the juror has not conversed or held communication with any one on any subject, and could not have been influenced in any manner whatever, the irregularity, if any, should be regarded as not affecting any substantial right, and a

new trial should not be granted. Nothing herein conflicts with what is decided in State v. Church (S. D.) 64 N. W. 152. The only proposition determined in that case upon the rehearing is this: "We believe the true and only safe rule to be that, where the separation is such that one or more of the jurors might have been improperly influenced by others, and there is nothing reliable to show that such influence has not been exercised to the prejudice of the accused, the verdict should be vacated." An examination of the entire opinion will disclose that it is authority for the foregoing rule, and nothing more. The doctrine therein declared is to this effect: Where the separation is such that one or more of the jurors might have been improperly influenced by others, the irregularity must be regarded as presumptively prejudicial, and the burden is cast upon the party seeking to sustain the verdict to show that such influence has not been exercised to the prejudice of the other party. Guided, doubtless, by the principles announced in that case, the plaintiff in the one at bar assumed this burden and has, we think, clearly established the existence of facts which rendered the exercise of any improper influence upon the jurors charged with misconduct practically impossible. The order appealed from is affirmed.