## STATE V. KIEFER.

1.  Affidavits of jurors that a communication by the judge in answer to a question submitted after submission of the cause influenced their verdict of conviction are not admissible for the purpose of impeaching the verdict.

2.  After a jury had retired to deliberate on a verdict, the foreman sent a communication to the judge, asking if the jury could recommend the defendant to the mercy of the court, which the judge answered in the affirmative, and stated that he had made it an invariable rule to follow such recommendations. Held, that such communication was prejudicial error.

(Opinion filed Oct. 13, 1902.)

Error to circuit court, Meade county. Hon. JOSEPH B. MOORE, Judge.

Nicholas Kiefer was convicted of larceny, and he brings error. Reversed.

*Michael McMahon,* for plaintiff in error.

*J. F. McClung,* State's Atty.

CORSON, J. Upon an information duly filed, charging the plaintiff in error with the crime of grand larceny, he was tried, convicted, and sentenced to a term in the state's prison. A motion for new trial was made and denied. The case is now before us on writ of error issued out of this court. The plaintiff in error seeks a reversal of the judgment of the court below on three grounds: First, alleged error of the court in denying the challenge of the plaintiff in error to the panel of jurors summoned by the officer, on the ground that the officer was disqualified to summon the same by reason of bias; second, for the alleged error of the court in denying the challenge of

the plaintiff in error to a certain other panel summoned by the said officer on the same ground; third, alleged error on the part of the court in instructing the jury or in answering a question of the jury. In the view we take of the case, it will not be necessary to consider the first two questions presented, as these may not arise on another trial. The third question was presented to the court on the motion for new trial by the affidavit of one of the jurors, and certificates of two other jurors annexed thereto. In this affidavit the juror states that the jury was influenced in arriving at its verdict by reason of the reply of the judge to the communication of the foreman of the jury.

It is contended by the attorney for the state that the affidavit of the juror was inadmissible, and should not have been considered by the court. This, no doubt, is correct. This affidavit, however, seems to have been disregarded by the court, and properly so. It may be regarded as settled law in this state that the affidavits of jurors cannot be received by the court to impeach their verdict. Edward Thompson Co. v. Gunderson, 10 S. D. 43, 71 N. W. 764; Murphy v. Murphy, 1 S. D. 316, 47 N. W. 142, 9 L. R. A. 820; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Ulrick v. Trust Co., 2 S. D. 285, 49 N. W. 1054; Territory v. King, 6 Dak. 131, 50 N. W. 623. The record, however, discloses the fact, independently of the juror's affidavit, that the foreman of the jury did propound to the court a certain question, and that the court made a reply thereto. In the bill of exceptions the then circuit judge has certified that the following proceedings took place on the trial of the action: "The court states; That, while the jury in the above-entitled action were deliberating as to what their ver-

dict should be, a written communication was sent to the court, signed by the foreman of the jury in said case, asking, in substance: "Can the jury recommend the defendant to the mercy of the court?" That thereupon the judge indorsed upon the same paper answer, in substance, as follows: 'Yes; and I have made it an invariable rule * * * to follow such recommendations.' And no other communication passed between the judge and the jury." This proceeding on the part of the court was clearly error. The answer to the question, while not strictly in the nature of an instruction or charge by the court, was nevertheless information conveyed to the jury, while deliberating upon their verdict, calculated to influence them. It will be observed that the court informed the jury that he had made it an invariable rule to follow the recommendations of the jury. Such a statement to the jury in a doubtful case might reasonably be presumed to influence the jurors in arriving at their verdict. In McBean v. State, 83 Wis. 206, 53 N. W. 497, the supreme court of Wisconsin, in a case quite analogous to the one at bar, granted to the plaintiff in error a new trial for the reason that the trial court in that case erred in answering a request of the foreman of the jury which was as follows: "If we bring a verdict of guilty, can we depend on the clemency of the court?" To which the trial court answered in effect that they could, or "Yes." The jury thereupon returned a verdict of guilty, and the case was taken to the supreme court on writ of error. In reversing the judgment, that court says: "Had the trial judge, during the delivery of his charge, or at its conclusion, and in open court, given such an answer to such a question put by a juryman, no one, we apprehend, would have contended that it was not error.

No attempt here has been made to justify such answer to such a question. * * * The promise thus secured was well calculated to overcome reasonable doubts, and coerce an agreement for conviction. It was an unauthorized interference with the deliberations of the jury. Ryan v. Insurance Co., 77 Wis. 611, 46 N. W. 885. 'A verdict is a declaration of truth as to the matters of fact submitted to the jury.' Shenners v. Railroad Co., 78 Wis. 387, 47 N. W. 622. To be such truth, however, it must be based wholly upon the evidence in the case. A verdict in disregard of such evidence, in whole or in part, is a false verdict, It follows that any promise. pledge, or declaration of the trial judge, calculated to draw the attention of the jury away from the evidence, and to induce them to base their verdict upon ulterior considerations, is necessarily misleading, and hence erroneous." It is true that in the case at bar the trial judge did not distinctly agree, in terms, that the jury could depend on the clemency of the court; but the language used by him was, in effect, an agreement or statement that the jury could rely upon the clemency of the court. The learned judge said, "I have made it an invariable rule * * * to follow such recommendation." The jurors might very naturally conclude from the language used that they could rely upon him to extend clemency to the accused in case he should be convicted, and it might have the effect to induce the jurors to disregard any reasonable doubts they might have as to the guilt of the accused. Jurors, in the discharge of their duties, having nothing to do regarding the punishment to be inflicted upon the accused, as the extent of the punishment is left entirely to the discretion of the court, within certain limitations prescribed by statute. And while it is the duty of the

court to instruct the jury upon the law of the case, it should not in any manner attempt to influence its deliberations, and the court should be exceedingly careful to refrain from all expressions of opinion that might be calculated to influence the minds of the jurors. Undoubtedly the learned circuit court, in replying to the request of the foreman of the jury, was actuated by no improper motive, but the proceeding is a dangerous one, and cannot be sanctioned by this court.

The learned state's attorney has called our attention to the case of Lovett v. State (Fla.) 11 South. 550, 17 L. R. A. 705, and Gandolfo v. State, 11 Ohio St. 114. It appears from the former case that the state of Florida had a statute providing that in homicide cases, where the majority of the jury should recommend the prisoner to the mercy of the court, it should have the effect of reducing the punishment from death to imprisonment for life—practically, in effect, the same as our own statute upon this subject. In view of the provisions of the statute, the instruction was held proper. In the latter case the only irregularity complained of was that of the court in sending the statutes of the state to the jury, on their request, with a reference to certain sections bearing upon the matter they were considering. The learned supreme court of Ohio arrived at the conclusion that, as no rule of law governing the trial of criminal cases was violated, it was not error, as the court could not say the act operated or might have operated to the prejudice of the defendant. The authorities cited, therefore, do not sustain the proceedings of the trial court in the case at bar.

In our opinion, the action of the trial court was unauthorized and irregular; and, as it may have prejudiced the plaintiff in error, the case must be reversed, and a new trial granted. It is so ordered.