STATE, Respondent, v. ENGLISH, Appellant.

(172 N. W. 116).

(File No. 4487.   Opinion filed April 18, 1919.   Rehearing denied June 3, 1919.)

1. **Criminal Law—New Trial—Misconduct of Jury—Juror's Testimony to Impeach Verdict, to Prove Verdict by Chance, Competency.**

In both civil and criminal cases testimony of jurors is not competent to impeach their verdict; though in some states, as in this, it is allowed for purpose of proving that verdict was arrived at by resort to chance. In view of this rule, it is presumed that trial court disregarded affidavits of two jurors, on motion for new trial, to the effect that they heard a certain

conversation between the sheriff and the jurors at his residence about midnight where he had taken them for lunch.

2.  **Criminal Law—Larceny—Misconduct of Jury and Bailiff—Affidavits of Juror and Bailiff, Non-reversible Decision Re.**

In a prosecution for larceny of livestock, state's theory being that defendant conspired with one Larson who was tried separately; there being affidavits of two parties not jurors that they overheard what took place in sheriff's residence about midnight while jurors were there lunching with him, that he and jury engaged in general conversation pertaining to case, and that one of the jurors spoke of the case against Larson, adding that "English had been in company of Larson, and that was enough to convict him," the state submitting jurors' and the sheriff's affidavits specifically denying the matters charged in the other two—which latter affiants were but eaves-droppers, held, that trial court doubtless considered the two named affiants worthy of but little credence; and trial court's ruling denying new trial will not be reversed.

Appeal from Circuit Court, Mellette County. HON. WILLIAM WILLIAMSON, Judge.

The defendant, James R. English, was convicted of the crime of grand larceny, and he appeals. Affirmed.

*C. E. Kell*, and *J. L. Hannett*, for Appellant.

*Byron S. Payne*, Attorney General, for Respondent.

WHITING, J. Appellant was convicted of the crime of grand larceny, and has appealed from the judgment of conviction and from the order denying a new trial. The property alleged to have been stolen is the same which the defendant in State v. Larson, 172 N. W. 114 (decided at this term), was convicted of stealing. It is clear that it was the state's theory that this appellant and Larson joined in the theft. The evidence tended to show that part of the property, claimed to have been stolen, was found in appellant's possession. The records in the two cases and the errors assigned, so far as such alleged errors relate to the proceedings before the juries retired, are the same, except that Larson relied upon proof of an alibi and in no manner attempted to explain his possession of goods identified as stolen goods; while this appellant's whole defense was based on the claim that the goods found in his possession and identified as stolen were goods that he had owned and been in possession of since long prior to the alleged theft. In view of the full discussion of the assign-

36—Vol. 41, S. D.

ments in the Larson Case, we deem it unnecessary to now consider the corresponding assignments in this case.

[1] Appellant alleges misconduct, of jury and bailiff. This charge of misconduct was supported, on motion for new trial, by the affidavits of two jurors and of two other persons. The weight of authority supports the proposition that, in both civil and criminal cases, the testimony of jurors is not competent to impeach their verdict except that, in some states, as in this, it is allowed for the purpose of proving that a verdict was arrived at by a resort to chance. 12 Cyc. 749-751; 29 Cyc. 982. This is the established law of this state both in civil and criminal cases. Murphy v. Murphy, 1 S. D. 316, 47 N. W. 142, 9 L. R. A. 820; Thompson v. Gunderson, 10 S. D. 42, 71 N. W. 764; Long v. Collins, 12 S. D. 621, 82 N. W. 95; Ewing v. Lunn, 22 S. D. 95, 115 N. W. 527; Territory v. King, 6 Dak. 131, 50 N. W. 623; State v. Andre, 14 S. D. 215, 84 N. W. 783; State v. Kiefer, 16 S. D. 180, 91 N. W. 1117, 1 Ann. Cas. 268. We must presume that the trial court disregarded the affidavits of the two jurors.

[2] It appears undisputed that the sheriff, as bailiff, had the jury in charge after the case had been finally submitted to it, and that; at about midnight, he took such jury to his residence, and there provided them with a lunch. The affidavits of the two parties not jurors was to the effect that they overheard what took place in the sheriff's residence while the jury were there; that the said sheriff and jury engaged in a general conversation pertaining to this case; and that one of the jurors, Montgomery by name, spoke of the case of State v. Larson and added that "English had been in the company of Larson, and that was enough to convict him." The state submitted the affidavits of the juror Montgomery and of the sheriff. The law is well settled that the affidavit of a juror may be received in support of a verdict. 12 Cyc. 750; 29 Cyc. 989. These affidavits specifically denied the matters charged in the moving affidavits. At the best, the two parties making the moving affidavits were but eavesdroppers, hanging about the sheriff's residence in the middle of the night. The trial court undoubtedly considered their statements worthy of but little credence. We certainly should not reverse its decision.

The judgment and order appealed from are affirmed.