## STATE, Respondent, v. WAITMAN, Appellant.

### (172 N. W. 504).

(File No. 4539.   Opinion filed May 13, 1919.)

1. **Trials—Misconduct of State's Attorney—Larceny Repeated Attempts to Prove Another Disconnected Offense, Effect Re Ethics, Re Prejudice—Failure to Request Jury's Disregard of Matters, Court's Specific Instruction, Effect.**

    Where, in a prosecution for grand larceny state's attorney repeatedly attempted to introduce evidence tending to show defendant guilty of an offense aaginst the United States, which offense was disconnected with that charged in the information, **held**, that, such evidence being incompetent and immaterial, such procedure constituted misconduct of state's attorney, and trial court would have been warranted in reprimanding him therefor; but that such procedure was not prejudicial to defendant; defendant's counsel not having called the matter to court's attention other than by objections to introduction of the evidence, and did not request court to direct jury to disregard said matters. So **held**, trial court having instructed that jury were not to try defendant for any offense other than the

crime charged in the information; such instruction having cured the error, if any committed.

2. **Same—Jury, Improper Influence Of, Communication With Bailiff—Question of Fact, Court's Discretion, Effect.**

Where, in a prosecution for grand larceny, defendant claiming improper influence of jury through a conversation between bailiff and members of jury, conflicting affidavits were submitted concerning the facts, held, such question of fact was one for trial court's determination, and if not satisfied of truth of matters stated in defendants affidavits, court did not abuse discretion in denying new trial on that ground.

3. **Same—Jury, Improper Influence Through Paper Found in Jury-room—Facts Considered, Re Error.**

Nor does the fact that while jury was deliberating a juror found a paper in jury-room endorsed "The defendant was permitted to change his plea of guilty to a plea of not guilty," constitute improper influence amounting to prejudicial error alleged as such because it appeared of record there had been some negotiations between defendant and state's attorney that defendant would enter plea of guilty, and that if jury were informed that defendant had seriously contemplated pleading guilty they would infer he was in fact guilty; it not appearing how the paper came into jury-room, a majority of jurors having deposed they had not seen it and that it was not talked about by jurors, and juror claiming to have seen it not claiming he was influenced thereby; defendant not questioning sufficiency of evidence.

Appeal from Circuit Court, Jones County. HON. WILLIAM WILLIAMSON, Judge.

The defendant, J. P. Waitman, was convicted of the crime of grand larceny, and he appeals. Affirmed.

*J. E. House,* for Appellant.

*Byron S. Payne,* Attorney General, and *Herman L. Bode,* State's Attorney, for Respondent.

(1) To point one of the opinion, Appellant cited:

16 C. J. 891; State v. Barton, (Ore.), 142 Pac. 348; Flint v. Commonwealth 23 S. W. 346.

Respondent cited, re failure to except:

State v. Guffey, 39 S. D. 84, 163 N. W. 679.

(2) To point two, Appellant cited:

Owens v. State, 67 So. 39, Ann. Cas. 1917B 252.

Respondent cited:

State v. Southmayd, 37 S. D. 375, 381; Hackley v. Hastie, 3 Johns 253; 1 Hayne on New Trials, Sec. 67, page 318.

(3) To point three, Respondent cited, re effect of sufficiency of evidence; Burdick v. Haggart, 4 N. D. 13, 22 N. W. 589.

POLLEY, J. Defendant was found guilty of the crime of grand larceny, and from a judgment of conviction and an order overruling his motion for a new trial he appeals to this court.

Appellant contends that he was prevented from having a fair trial by misconduct of the state's attorney, misconduct of the jury, and misconduct of the bailiffs.

[1] Under the first assignment it is shown that the state's attorney made repeated attempts to get evidence before the jury tending to show that the appellant had been guilty of an offense against the United States government. The offense against the government, if it had been committed, was in no manner connected with the offense charged in the information upon which appellant was being tried, and the evidence sought to be elicited was incompetent and immaterial. But the state's attorney made repeated efforts to get such evidence in the record after appellant's objection to its reception had been sustained by the trial court. This procedure constituted misconduct on the part of the state's attorney, and the court would have been warranted in reprimanding him in open court at the time. But we do not believe that defendant was prejudiced by such conduct. Counsel for appellant does not appear to have considered said conduct prejudicial at the time, and did not call the matter to the court's attention other than by objections to the introduction of the evidence, and did not request the court to direct the jury to disregard the matters that had been so injected into the case by the questions asked by the state's attorney. Moreover, the court, on its own motion instructed the jury, in effect, that they were not to try defendant for any offense he may have committed at any time or place other than the crime charged in the information. This, we believe, cured the error, if any had been committed. This was evidently the view of the trial court when it denied a new trial, and we cannot say, upon the record before us, that the trial court was in error, or that appellant was in fact prejudiced by such misconduct of counsel. Fowler v. Land Co., 18 S. D. 131, 99 N. W. 1095.

[2] To further show that the jury had been improperly influenced against him, appellant filed affidavits, in which it is stated that, after the case had been submitted to the jury, and while the jury was in charge of the bailiffs, one of the bailiffs was seen car-

rying on a conversation with various members of the jury. On the other hand, the said bailiff and several members of the jury made counter affidavits, in which they positively and unequivocally denied that any such talk took place. This presented a question of fact for the determination of the trial court. If the trial court, in passing upon these affidavits, was not satisfied of the truth of the matter stated in the affidavits on behalf of appellant, it was not an abuse of discretion to deny the motion for a new trial on this ground.

[3] The only other matter presented by appellant is based upon the affidavit made by one of the jurors to the effect that, while the jury was in the jury room deliberating upon the case, he (the said juror) found a paper upon which the following statement was indorsed:

"The defendant was permitted to change his plea of guilty to a plea of not guilty."

It appears from the record that there had been some negotiations or talk between the appellant and the state's attorney to the effect that the appellant would enter a plea of guilty; and it is the theory of the appellant that, if the jury were informed that defendant had seriously contemplated entering a plea of guilty, they would infer that he in fact must be guilty. In other words, that the appellant would not think of pleading guilty unless he was guilty. How the said paper came into the jury room, if in fact it was there, no one seems to know. Seven members of the jury made affidavits that they had not seen such paper, and did not know there was such a paper, and that it was not talked about by any of the jurors while they were considering the case. It is not claimed by the juror who claimed to have seen said paper that it in any wise influenced him in arriving at his verdict, nor does appellant question the sufficiency of the evidence to support the verdict.

Upon the whole record we do not feel that defendant was prejudiced by any of the matters complained of, or that a new trial should be granted.

The judgment and order appealed from are affirmed.