[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 431 
Defendant was prosecuted and convicted upon an information charging the crime of bootlegging. He made separate motions to set aside the information; to dismiss at the close of the case; and that the jury be advised to return a verdict of not guilty. A motion for a new trial was also made. All were denied, and a demurrer to the information was overruled. The defendant appeals from the sentence and judgment of the trial court entered upon the verdict of the jury; also from the orders overruling the demurrer and denying the motions aforesaid.
The principal contentions of the defendant may be, and were by his counsel on the oral argument, summarized under the following propositions; that the state failed to prove that the liquid alleged to have been sold by the defendant was fit for beverage purposes; that the substance was intoxicating; and that the liquor was sold for beverage purposes.
The testimony of the state tends to show that on or about July 13, 1923, the defendant sold and delivered to Emil Nelson, in the presence of Harrison Carter, both prohibition agents, a gallon of liquid which he represented to be alcohol; that the sale was made, by prior appointment, in a public street in the city of Fargo. A chemical analysis of the liquid disclosed, according to the testimony of the state's chemist, that it contained 93.85 per cent by volume of ethyl alcohol; that by use of the most delicate method, the chemist found about 1/5 of 1 per cent of acetone and a slight trace of other organic impurities. This chemist, *Page 433 
on cross-examination, amplifying his testimony on the direct examination, stated that the presence of this infinitesimal amount of acetone and other organic matter was immaterial, and that the substance, exclusive of the alcohol therein, was, to all intents and purposes, ordinary water. There was no trace of ethyl alcohol. A druggist testified in behalf of the defendant that he had also made a chemical analysis and found that the liquor contained 94 per cent of alcohol, about 1/4 of 1 per cent of acetone and less than 1/2 of 1 per cent of diethylthylate. This witness explained that acetone acts as a solvent and that it is injurious to the membranes of the stomach. The other substance, he said, was one of the denaturants used by the government to render alcohol unfit for beverage purposes; that the effect of consuming that substance would be a gastric disturbance, vomiting. He stated that the substance sold by the defendant was not alcohol, as designated by the government, and that the liquid was "not exactly" fit for beverage purposes. On cross-examination, this witness, however, testified that a trace of acetone was one of the "impurities you expect to find in ordinary alcohol." He said, further, that he supposed that this "ordinary alcohol," which had been described in the testimony, "is being used for beverage purposes right along."
The defendant assigns nineteen errors. With a few exceptions, with which we shall expressly deal in this opinion, these alleged errors are all embraced within the three propositions heretofore stated.
It is first contended that the trial court should have set aside the information upon jurisdictional grounds for the reason that the defendant had not had preliminary hearing on the charge of bootlegging. The defendant had a preliminary hearing before a justice of the peace on a charge described in the complaint as bootlegging; the preliminary complaint contained also the following language: "that at the said time and place the said defendant did, wilfully, unlawfully and feloniously sell and deliver to this affiant . . . one gallon of alcohol." Section 10,530, Comp. Laws 1913, subsection four, provides that the complaint must state "the acts or omissions complained of as constituting the crime or public offense named." The specific offense named in the criminal complaint before the committing magistrate was bootlegging. It is urged that the district court was without jurisdiction because the complaint failed to allege that the sale was made *Page 434 
upon premises not owned, kept, maintained or controlled by the defendant, substantially in the language of the bootlegging statute, chapter 194, Sess. Laws 1915. Defendant insists that this allegation is essential to the validity of the criminal complaint.
There is no merit in defendant's contention. The offense of bootlegging was specifically named in the complaint. It may be conceded that not all the particulars requisite to a valid information were stated, and, yet, it does not follow that the district court had no jurisdiction upon the ground that, in legal contemplation, there had been no preliminary hearing. State v. Hart, 30 N.D. 368, 152 N.W. 672; State v. Webb, 36 N.D. 235, 162 N.W. 368; State ex rel. Peterson v. Barnes, 3 N.D. 131, 54 N.W. 541. After the testimony had been taken before the magistrate, the defendant was held to answer the charge of bootlegging. The complaint clearly apprised the defendant of the charge against him. It need not state the particulars of the offense with the same technical accuracy as an information. The former instrument is usually prepared by persons without technical knowledge of the law and should not be examined with the same exacting scrutiny as the information, which constitutes the basis of the prosecution.
It is next contended that the demurrer to the information should have been sustained. The demurrer is based upon the ground that the information charges the crime of bootlegging as a second offense, although the information upon its face shows that there could not be or have been a second offense thereunder; and that the information shows upon its face that the offense charged therein appears to have occurred before the alleged prior conviction of the defendant. The information reads as follows:
"That at said time and place the said defendant did wilfully, unlawfully and feloniously sell and deliver to one Emil Nelson one gallon of alcohol, said sale and delivery not being made upon premises kept, maintained, or controlled by the said defendant; that heretofore, to-wit: on the 16th day of January, 1924, this defendant was convicted in the district court of Cass county, North Dakota, on the charge of bootlegging and was duly sentenced by the judge of the district court to serve a term of five months in the Cass county jail and to pay a *Page 435 
fine of $200, and to serve thirty days additional in event of the non-payment of said fine."
While it is true that there is some inconsistency in the dates appearing upon the face of the information we do not think there is any merit to counsel's contention upon this point. It clearly appears that the state intended to charge a second offense, based upon a conviction had subsequent to the date on which the sale took place which is the basis of this prosecution. The trial court held that a conviction subsequent to July 13, 1923, on another charge, would not be a first offense, so as to form a basis, in the instant case, for the claim that the offense in the case at bar was a second offense. The court, accordingly, excluded all evidence of the alleged conviction of January 16, 1924. The defendant could not have been misled or prejudiced in any way by the inartificial language of which he complains; and the trial court correctly denied the motion.
It is contended that an issue was presented by the defendant's plea which was not disposed of by the jury. Defendant contends that he pleaded not guilty and a former conviction jointly as a bar; that this plea raised two issues of fact, first the issue of not guilty; and second, the issue of former conviction. The defendant's plea was as follows: "the defendant, through his counsel, now pleads not guilty to the crime charged against him and prior conviction." The statute prescribes the form of the plea. Subdivision 3 of § 10,747 provides that when the issue of prior conviction is raised, the defendant must make his record in the following language "the defendant pleads that he has already been convicted of the offense, charged in this information by the judgment of the court of _____ rendered at _____, on the _____ day of _____, 19__." The sufficiency of the plea is questioned by the state, but this question need not be decided. When the state attempted to establish a prior conviction, in order to prove a second offense, the evidence was excluded upon objection by the defendant. The state was not permitted to introduce proof tending to establish a prior conviction; nor did the defendant offer evidence of a former conviction. It is evident that no issue was presented to the court and no evidence was introduced or offered by either side upon the question. There was no prejudicial error committed with respect to the issue of a prior conviction. *Page 436 
It is urged that the motion in arrest of judgment should have been granted upon the grounds, among others; that the facts stated in the information did not constitute a public offense because there is no specific description of the premises on which the sale is alleged to have been made; and because the proof fails to show that the sale took place on premises not owned, kept, maintained or controlled by the defendant, the proof being that the sale took place upon a public street in the city of Fargo. The ruling of the court upon this motion was correct. In the case of State v. Ehr, 52 N.D. 946, 204 N.W. 867, an instruction was approved in which the jury was informed by the court that it must find that the alleged sale took place within the city of Hankinson, in Richland county. In that case the information, as originally drawn, charged that the offense had been committed in Richland county; a bill of particulars was demanded by the defendant whereupon the state alleged that the offense took place in the city of Hankinson. No bill of particulars was demanded in the instant case; no attempt was made on the part of the defendant to compel the state to make the charge more definite and certain in any particular. The information charges the offense to have been committed within Cass county. In the circumstances, the charge is sufficient, the information valid, and the ruling of the trial court upon the motion in arrest of judgment, on this specific ground, is correct. With reference to the other ground, the case of State v. Ehr, supra, is controlling against defendant's contention. A sale made upon the public streets of a municipal corporation is made upon premises not owned, kept, maintained, or controlled by the defendant and is within the prohibition of the bootlegging statute. The sale did not take place in the street in front of premises owned by the defendant. The contention appears to be in the case at bar that because the defendant was a taxpayer, he had such an interest in the streets of the city of Fargo, that he either owned, kept, maintained or controlled them within the purview of the bootlegging act. We are satisfied that the contention is wholly unsound and the ruling of the trial court was clearly correct. We see no reason for re-examining or receding from the holding in State v. Ehr, supra. No arguments and no authorities have been presented which have in any respect weakened our confidence in the correctness of the rule there adopted. *Page 437 
It is next urged that the trial court erred in denying the motion for a new trial. This motion was based upon eleven assignments of errors; one of such assignments is based upon the contention, which we have already resolved in favor of the state, that it was error to instruct the jury that the defendant had no right to sell liquor in the streets of the city of Fargo. Other grounds have already been disposed of; only one remains to be considered. It is contended that the verdict was contrary to law; that the facts proved did not constitute the crime of bootlegging that no intoxicating liquor, within the prohibition of the statute, was sold; and that the offense committed, if any, is entirely different and distinct from that charged in the information. It is this assignment which raises the only substantial question in the law suit. The defendant specifically contends that the liquid sold by the defendant is not alcohol, does not belong to the first class enumerated, in § 1 of chapter 268, Sess. Laws 1923, and is not, therefore, presumptively intoxicating; that it was incumbent upon the state to prove not only that the liquor contained more than 1/2 of 1 per cent of alcohol, but, in addition, that it was fit for beverage purposes; and that the state clearly failed upon the last point. Defendant also contends that there is no evidence that the liquor was sold for beverage purposes.
It is undoubtedly a scientific fact that minute traces of acetone are often found in liquor which is, notwithstanding, known to the trade as alcohol. The minutest quantity of that substance does not destroy the quality of the liquid as alcohol in the trade acceptation of the term. We have summarized the pertinent evidence. We are satisfied that there is abundant proof from which the jury were justified in finding that the liquid sold by the defendant was alcohol within the meaning of § 1 of chapter 268, Sess. Laws 1923, and was therefore, presumptively intoxicating. Having offered evidence tending to show that the liquid was alcohol, it was not necessary to prove that it was sold for beverage purposes, or that it was fit for beverage purposes. See State v. Schuck, 51 N.D. 875, 201 N.W. 342. The trial court did not err in refusing to grant a new trial.
When the state had concluded the direct examination of its chemists, counsel for the defendant suggested that the cross-examination be deferred until the chemist who made the analysis and later testified in *Page 438 
behalf of the defendant, could make his report. The court did not accede to the request and, commenting thereon, said in the presence of the jury:
"I would like to get in as much time as we can, but if anything could be gained for you, I would gladly extend the courtesy to you. I find, from my experience, it is largely from what your man will say. This man has made his examination, and has arrived at a certain result, and you could examine him from now until to-morrow, and his testimony would undoubtedly be the same, because he has his record on the subject, but, now, you have had examinations made, and if your man has arrived at a different conclusion, then it is a question for the jury as to who is right and who is wrong."
It is contended that this language was prejudicial. It may be conceded that the remarks were not necessary and that it might have been as well to have refrained from making them. No objection or exception was made by the defendant at the time and no cautionary instruction requested from the court. We are convinced, however, that no prejudice resulted. The defendant cross-examined the witness fully. The evidence overwhelmingly supports the verdict of conviction; indeed, we do not see how any other verdict could, in good faith, have been returned. To reverse on this ground would be wholly unjustifiable.
In defining the crime of bootlegging, the court omitted the word "owned" from the definition. Otherwise, the instruction was in the language of the statute. The act, so far as material, reads:
"Any person who shall sell or barter any intoxicating liquor upon any premises or place, public or private, within the State of North Dakota, not owned, kept, maintained or controlled by him." There was no testimony that the sale was made at any place except in a street in Fargo; the court said to the jury that a sale in the streets of Fargo, if made, would constitute bootlegging. This is a correct statement of the law. No prejudice could possibly have resulted from the omission of the word "owned."
There is nothing in the opinion of this court in the case of State v. Cook, ante, 429, 206 N.W. 786 (she appears to be the wife of his defendant), inconsistent with the views herein expressed. She was charged with selling alcohol. The uncontradicted testimony of the *Page 439 
state's expert witness in that case was that the liquid was not alcohol, but a compound unfit for beverage purposes because of the presence therein of 3 per cent of acetone. There was no testimony that the liquid was alcohol, in either the trade or scientific sense. All the testimony on the subject was to the contrary.
Some errors assigned have not been discussed in this opinion, but they are so clearly devoid of merit that we deem it unnecessary to consider them.
The judgment is affirmed.
CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.