STATE OF SOUTH DAKOTA, Respondent, v. McCOIL, Appellant.

(263 N. W. 157.)

(File No. 7570.   Opinion filed November 18, 1935.)

A. J. *Cassidy,* of Lake Andes, for Appellant.

*Walter Conway,* Attorney General, and *W. E. Weygent,* Assistant Attorney General, and *V. P. Harris,* State's Attorney, of Plankinton, for the State.

ROBERTS, J.   Defendant was convicted of the crime of robbery in the first degree.   Misconduct of the jury and bailiffs was made the ground of a motion for new trial.   It was shown by the testimony of the two bailiffs who had charge of the jury during its deliberation that after the case had been submitted, and before an agreement upon a verdict had been reached, a juror procured from the bailiffs the volume of the South Dakota Revised Code of 1919 containing the statutes with reference to the crime for which the accused was on trial.   From the judgment and order denying motion for new trial defendant has appealed.

The court must instruct the jury before they retire upon all matters of law which it deems necessary for their information in giving their verdict (section 4903, Rev. Code 1919), and if they have occasion for further information upon a point of law arising in the case they may return into court, and in the presence

of or after notice to the state's attorney and the defendant or his counsel receive additional instruction (section 4909, Rev. Code 1919). Jurors have no right to undertake an independent investigation of the law in the jury room. 16 R. C. L. 301; Harrison v. Hance, 37 Mo. 185; Newkirk v. State, 27 Ind. 1; State v. Smith, 6 R. I. 33; Merrill v. Nary, 10 Allen (Mass.) 416; Johnson v. State, 27 Fla. 246, 9 So. 208; State v. Kimball, 50 Me. 409; State v. Kirk, 168 Iowa 244, 150 N. W. 91. In Newkirk v. State, supra, it was shown by affidavit that after the jury retired and before agreeing upon a verdict they requested their bailiff to procure a volume of the Penal Code and that the bailiff complied with their request. The court said: "The facts must be determined from the evidence given upon the trial, under the supervision of the court. Questions of law arising in the cause may be argued by counsel, and the trial is closed by the charge of the court to the jury, upon 'all matters of law which are necessary for their information in giving their verdict.' From these sources of information, they must determine the law of the case, and cannot be permitted to take to their room common law authorities for the purpose of ascertaining the law. Such a practice would be inconsistent with the whole theory of correct trials by jury, and would lead to the most pernicious consequences."

There is an entire absence of showing that the jury found or read provisions of the Code bearing on the case, and the Attorney General contends that it is not shown by the evidence that the irregularity affected the result or was prejudicial to the defendant. It is true that every irregularity of which the jury or bailiff may be guilty will not vitiate the verdict; it may or may not have been prejudicial. Courts generally have not gone so far as to hold that the mere presence in the jury room of a copy of the statutes or the the report of court decisions is ground for setting aside a verdict. State v. Hopper, 71 Mo. 425; State v. Stevenson, 74 Kan. 193, 85 P. 797; Lovett v. State, 60 Ga. 257, 258. After a jury had agreed upon a verdict, although it had not been formally rendered in court, it was the conclusion of the court in State v. Wilson, 40 La. Ann. 751, 5 So. 52, 1 L. R. A. 795, that the procuring of law books by jurors did not require a reversal of a conviction. To the same effect is Graves v. State, 63 Ga. 740,

where jurors after having agreed upon a verdict procured a copy of the code to enable them to put their verdict into proper form.

■■■ It is the settled law of this jurisdiction that testimony of jurors is not competent to impeach their verdict, except that it is allowed for purpose of proving the verdict was arrived at by a resort to chance. Territory v. King, 6 Dak. 131, 50 N. W. 623; State v. Corner, 58 S. D. 579, 237 N. W. 912. If jurors are accused of misconduct, however, their affidavits are admissible to sustain or support their verdict. Edward Thompson Co. v. Gunderson, 10 S. D. 42, 71 N. W. 764; State v. English, 41 S. D. 560, 172 N. W. 116. The evidence clearly shows that the jurors procured without the consent of the court a volume of the Code. It was not possible for the appellant to show the use that was made of this volume or what effect may have been given by the jury to its provisions. We think that under the circumstances the state had the burden of proving that the rights of the defendant were not prejudiced by the irregularity complained of. This court has held that where the jury has separated or communications have taken place between jurors and persons not of the jury after they have retired to consider their verdict under such circumstances as to make it reasonably appear that the jury might have been tampered with, prejudice is presumed and the burden of showing that the defendant was not in fact prejudiced is on the prosecution. State v. Church, 7 S. D. 289, 64 N. W. 152; State v. Smith, 56 S. D. 238, 228 N. W. 240; State v. Osler, 56 S. D. 264, 228 N. W. 251. As to the furnishing the jury with a copy of the statutes, we regard the rule to be equally applicable. No denial was made or explanation given of the use of the code in the jury room, and it does not appear that the misconduct of the jury and bailiffs did not affect the result or was not prejudicial to defendant.

The judgment and order appealed from are reversed.

All the Judges concur.