STATE, Respondent v. HOLT, Appellant

(107 N.W.2d 732)

(File No. 9895. Opinion filed March 1, 1961)

**George Wuest,** of **Danforth, Bleeker & Carlson,** Mitchell, for Defendant and Appellant.

**Robert D. Hofer,** Asst. Atty. Gen., **A. C. Miller,** Atty. Gen., on the brief, for Plaintiff and Respondent.

BIEGELMEIER, J. A jury found the defendant guilty of the crime of indecent molestation of a minor under fifteen years of age committed May 1, 1959. Thereafter an information was filed under the habitual criminal punishment law (SDC 13.0611-SDC 1960 Supp. 34.3009-1) charging defendant had been convicted of the same offense on October 6, 1959 in California; upon his admission that he was the same person so convicted he was sentenced to a term in the state penitentiary. The single question presented by this appeal is whether a new trial should be granted for the reason that while the jury was deliberating on its verdict, some members requested, and the bailiffs furnished them with, a dictionary. The court in its instructions charged the jury that defendant could be found guilty of the included offenses of assault and battery and defined these in the words of SDC 13.2401. Affidavits of all twelve jurors stated that the dictionary was used to look up the words corporal, assault and battery appearing in those sections; that this use in no way influenced their judgment in finding the defendant guilty.

In a criminal action where a juror procured from the bailiffs a volume of the code containing the statutes with reference to the crime for which accused was on trial, it was held misconduct for which a new trial must·be granted. State v. McCoil, 63 S.D. 649, 263 N.W. 157, 158. This court there said:

> "We think that under the circumstances the state had the burden of proving that the rights of the defendant were not prejudiced by the irregularity complained of. This court has held that where the jury has separated or communications have taken place between jurors and persons not

of the jury after they have retired to consider their verdict under such circumstances as to make it reasonably appear that the jury might have been tampered with, prejudice is presumed and the burden of showing that the defendant was not in fact prejudiced is on the prosecution. (Citing cases) As to the furnishing the jury with a copy of the statutes, we regard the rule to be equally applicable. No denial was made or explanation given of the use of the code in the jury room, and it does not appear that the misconduct of the jury and bailiffs did not affect the result or was not prejudicial to defendant."

Recognizing this principle, the trial judge was of the opinion that the showing by the state was sufficient to overcome this presumption of prejudice. In the McCoil opinion the court cited three criminal cases where separation of the jury and mingling with it by a sheriff and clerk of courts during its deliberations were involved.

 Courts differ as to the effect of the use of a dictionary by jurors. See Pulkrabek v. Lampe, 179 Kan. 204, 293 P.2d 998, 54 A.LR..2d 732,738. All view it as highly improper misconduct, that the jury should have relied solely upon the evidence for the facts and upon the court's instructions for the law of the case; however not every such act is sufficient to require a new trial. It is only when it is calculated to prejudice the substantial rights of a defendant. Matters v. State, 120 Neb. 404, 232 N.W. 781. The instructions of the court required the jury to find every element of the crime of indecent molestation of a child under fifteen years of age beyond a reasonable doubt. After defining assault and battery in the words of SDC 13.2401, the instructions continued "If, therefore, after considering all the evidence, you do not believe beyond a reasonable doubt that the defendant is guilty of the crime of indecent molestation of a child under the age of fifteen years, but you do believe that he is guilty of assault and battery, or of simple assault, then you should return your verdict of

guilty of assault and battery or of simple assault, whichever, if either, of these offenses you may think from all the evidence beyond a reasonable doubt, the defendant is guilty of. * * *" With that instruction as a guide, the jury found defendant guilty of the principal crime of indecent molestation charged in the information. By this verdict they eliminated consideration of the included lesser offenses and the use of the dictionary definitions of words appearing in the instructions as to them. Affidavits of jurors are admissible to support the verdict, State v. English, 41 S.D. 560, 172 N.W. 116; State v. McCoil, supra, and they all stated the use of the dictionary did not influence them in arriving at the verdict. The trial judge was of the opinion the showing was sufficient to overcome the presumption of prejudice, State v. Waitman, 42 S.D. 5, 172 N.W. 504, and we are not satisfied he abused the judicial discretion in denying a new trial. State v. Norman, 72 S.D. 168, 31 N.W.2d 258.

Defendant was represented by able counsel, makes no claim of insufficiency of the evidence or other error and did not take the stand to deny the accusation, the latter perhaps by reason of the similar prior conviction. The order denying the application for a new trial is affirmed.

All the Judges concur.