STATE, Respondent v. BROWN, Appellant

(169 N.W.2d 239)

(File No. 10626. Opinion filed July 3, 1969)

**Lammers & Lammers,** Madison, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Donald Erickson,** Asst. Atty. Gen., Pierre, **Clinton J. Nagel,** State's Atty., Salem, for plaintiff and respondent.

HANSON, Judge.

Defendant was convicted of the crime of Drunken Driving in the Circuit Court of McCook County. He contends the conviction should be set aside because (1) he was denied a preliminary hearing on the Information filed in Circuit Court, and (2) Misconduct of the jury prevented a fair and impartial trial.

The filing of a preliminary information is one means of initiating a criminal prosecution in this state. An information cannot be filed against any person "for any offense until such person shall have had a preliminary examination thereof as provided by law before a magistrate, unless such person shall waive such right." SDCL 1967 23-20-2. When the defendant has not had a preliminary examination before the information is filed the indictment or information must be set aside by the court in which defendant is arraigned upon defendant's motion. SDCL 1967 23-36-1(5).

With respect to these procedural requirements the record in the present action shows that on December 2, 1967 the following Preliminary Information was filed with L. A. Eickman, a Justice of the Peace in McCook County:

"State of South Dakota⎫
 v. ⎬ Complaint For Drunken Driving
Steven R. Brown ⎪ Viol. SDC 44.9922
 Defendant ⎭

Douglas Nelson, being first duly sworn and examined on oath, by the undersigned, L. A. Eickman, a Justice of the Peace in and for the County of McCook and State of South Dakota, on his oath, complains and charges that on or about the time of 12:25 A.M., on the 2nd day of December A.D. 1967, at Hiway 81 and Center Ave., Salem in the County of McCook, and State of South Dakota, Steven R. Brown did commit the offense of Drunken Driving, in this: that at the said time and place, the said defendant did, willfully and unlawfully, drive and operate a certain motor vehicle, commonly known as a Ford automobile license number 46—3035 for the year 1967, upon a public highway, to-wit Hiway 81 in the County of McCook, South Dakota, to-wit; on Hiway 81, Center Avenue and Main Street all in the City of Salem, South Dakota contrary to the form of the statute * * *."

——o——

A warrant of arrest followed and defendant was brought before the Justice on the same day the Preliminary Information was filed. After being advised of his rights defendant waived a preliminary hearing and furnished an undertaking to appear and answer the charge in Circuit Court. He thereafter retained counsel who was advised by the State's Attorney defendant could, without objection by the State, withdraw his waiver and a preliminary hearing would be conducted. Defendant did not take advantage of this offer.

■■ When arraigned in Circuit Court defendant moved to set aside the Information for the reason no preliminary hearing had been held on the offense alleged in the Information. Contrary to the State's contention this motion was timely made and was not waived by defendant's waiver of a preliminary hearing. Such motion could not be made until an Information was actually filed and defendant arraigned in Circuit Court. By waiving preliminary hearing a defendant waives formal de-

fects and irregularities in the preliminary proceedings, but his right to have an indictment or information set aside for certain defects or jurisdictional cause is expressly preserved by SDCL 1967 23-36-1.

Defendant admits the Information sufficiently alleges the crime of Drunken Driving, but asserts the Preliminary Information filed in Justice Court is fatally defective and void as it fails to specifically allege defendant operated his motor vehicle "while in an intoxicated condition or under the influence of intoxicating liquor".

As its name implies a preliminary hearing is merely a prelude to trial. The State is not obligated to prove guilt of the accused beyond a reasonable doubt. It provides an opportunity to screen out false and groundless accusations. Its sole purpose is to ascertan whether or not there is probable cause to believe a crime has been committed and if the accused committed it. State ex rel. Stevenson v. Jameson, 78 S.D. 431, 104 N.W.2d 45. For this purpose a preliminary information "does not need to charge the particulars of the offense with the precision used in an indictment or information. It is sufficient if it fairly apprises accused of the nature of the offense charged". State v. Hanson, 53 S.D. 205, 220 N.W. 518. As the North Dakota Court explained in State v. Cook, 53 N.D. 429, 206 N.W. 786, preliminary informations are "usually prepared by persons without technical knowledge of the law, and should not be examined with the same exacting scrutiny as the information, which constitutes the basis of the prosecution."

Tested by this standard the preliminary information informed defendant he was charged with the offense of Drunken Driving contrary to the provisions of SDC 44.9922 allegedly committed while operating a Ford automobile on a particular public street in the City of Salem, McCook County, South Dakota, on the 2nd day of December, 1967 at 12:25 a. m. of that day. This sufficiently and fairly advised defendant of the nature of the offense charged against him. The motion to vacate and set aside the Information was, therefore, properly denied.

Defendant's second assigned error is more serious in nature. It appears that during a recess in the trial shortly before instructions were given the members of the jury were allowed to go in the hall or corridor adjoining the courtroom which was also used by witnesses and spectators. During this period the Sheriff and Highway Patrolman talked and visited with some of the jurors. The Sheriff and Patrolman were the State's only witnesses. In her affidavit, Darlene Brown, mother of the defendant, among other things stated she "saw Harold Lockwood, Sheriff of McCook County, South Dakota, talk and converse with Kenneth Van Rosendale and Paul M. Stahl, two of the jurors; that thereafter she approached the said juror, Kenneth Van Rosendale, and said to him "Don't you know you aren't suppose[d] to be talking to the Sheriff" to which said juror replied "I can talk to anyone I damn please and it is none of your damn business to whom I talk and you are talking to me, aren't you?" The matter was immediately brought to the attention of the trial court and a mistrial requested. This was denied and the alleged misconduct of the jury was again presented by motion for a new trial supported by several affidavits. As there was no denial or explanation by the State, defendant's affidavits concerning the communications must be assumed to be true and factual.

In State v. Goff, 74 S.D. 312, 52 N.W.2d 300, defendant made a motion for a new trial supported by affidavits alleging that during the trial a juror was seen conversing with two witnesses for the state. A portion of the conversation was allegedly overheard and bad faith was imputed to the juror. Rebuttal affidavits of the juror and witnesses categorically denied the asserted facts. Under the circumstances, this court said the opposing affidavits presented an issue of fact to be determined by the trial court and there was no abuse of discretion shown in denying a new trial. The same conclusion was reached in State v. Brown, 81 S.D. 195, 132 N.W.2d 840, involving a casual conversation by jurors with the deputy state's attorney. These cases are in accord with the prevailing view that a mere casual conversation unrelated to the issues of the case between a witness, or counsel, and a juror does not ipso facto constitute reversible error. Vol. 5, Wharton's Criminal Law and Procedure, § 2121.1.

■ Most courts apparently follow the rule that a mere show-ing of some communication between a juror and a witness in a criminal trial without a further showing defendant was prejudiced does not furnish grounds for reversing an otherwise valid con-viction. The burden is on defendant to affirmatively show (1) an improper communication or misconduct and (2) its prejudicial ef-fect. However, this court in State v. McCoil, 63 S.D. 649, 263 N.W. 157 and State v. Holt, 79 S.D. 50, 107 N.W.2d 732, along with a substantial number of other courts, follows the view that when an improper communication with a juror is shown to have taken place in a criminal case there arises a rebuttable presump-tion of prejudice and the burden is on the state to show its harm-less effect. See Annot., "Prejudicial Effect, in Criminal Case, of Communications between Witnesses and Jurors." 9 A.L.R.3d, p. 1275 et seq. When alleged juror misconduct is denied or rebut-ted a question of fact is presented for determination by the trial court.

■ As the state failed in any manner to show the harm-less character of the conversations between the state's witnesses and the jurors in the present case the presumption of prejudice to defendant was not removed. We may assume the conversa-tions were casual and harmless, but this assumption has no probative force or effect in the absence of a denial or explana-tion of the incident by the state. Consequently, a new trial must be ordered. See State v. Ferguson, 48 S.D. 346, 204 N.W. 652; Sherlock v. Dinneen, 42 S.D. 533, 176 N.W. 519; McGilvery v. Lawrence, 35 S.D. 443, 152 N.W. 698; Godfrey v. Dalquist, 27 S.D. 373, 131 N.W. 299; and Peterson v. Siglinger, 3 S.D. 255, 52 N.W. 1060.

Reversed.

All the Judges concur.