No. 24,701.

EDWIN LEROY STIMPSON, by his next friend, E. L. STIMPSON, *Appellee,* v. THE PACKARD MOTOR CAR COMPANY AND A. H. FLYNN, *Appellants.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Motor Car Driven by Company's Agent—Agent's Authority to Drive the Car Duly Alleged.* The petition in an action against a motor car company for damages sustained by plaintiff when he was struck by an automobile driven by the company's agent, interpreted, and held to allege authority of the agent to drive the automobile for the company at the time and place of the accident.

2. SAME—*Other Assignments of Error Without Merit.* Various assignments of error considered, and held to be without substantial merit.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed October 6, 1923. Affirmed.

*Chester I. Long, Joseph D. Houston, Austin M. Cowan, Claude I. Depew, James G. Norton, W. E. Stanley, Warren F. Wattles,* all of Wichita, *O. C. Mosman, Clay C. Rogers,* and *Paul A. Buzard,* of Kansas City, Mo., for the appellants.

*Thomas C. Wilson,* and *Henry Lampl,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries sustained by the plaintiff when the motorcycle on which he was riding was struck at a street crossing by an automobile driven by Flynn, the agent of the motor car company. The jury returned a verdict against both defendants. The court ordered a new trial of a single issue, but entered provisional judgment on the verdict. All parties appeal.

The collision occurred at the intersection of Lawrence avenue and First street, in the city of Wichita. The motorcycle was driven by

Ernest Van Gundy. Both boys were injured, and both sued the defendants. The petitions contained the following allegations:

"That the defendant A. H. Flynn . . . at all times herein mentioned was the duly authorized agent of said defendant the Packard Motor Car Company in the sale and distribution of its automobiles in said city of Wichita, Kansas, and in full charge and management of its business in the city of Wichita, Kansas. . . .

"The defendants the Packard Motor Car Company and A. H. Flynn, its agent, who was thereunto duly authorized, drove an automobile on First street from some point east of Lawrence avenue and toward the intersection of Law rence and First, negligently, carelessly, willfully and wantonly, in, upon, over, and against the plaintiff."

The answers were not verified, and the court was of opinion general denials contained in the answers raised the issue whether or not Flynn was acting within the scope of his agency as manager of the company's business when driving the automobile at the place of accident.

Stimpson's case was tried first. The plaintiff offered evidence sufficient to discharge the burden resting on him respecting the issue referred to, but the court admitted the evidence against Flynn only. The result was, there was no evidence to bind the company by Flynn's conduct and, consistently with its theory, the court granted a new trial of the single issue. Flynn's negligence was fully proved, and if his agency to drive the automobile at the time and place in question was admitted by the pleadings, the evidence offered was superfluous and the new trial was improperly granted.

The company calls attention to cases decided by this court distinguishing between allegations of authority of an agent and allegations of action by the principal through his authorized agent. The distinction was the result of interpretation of pleadings.

In the case of *Mo. Pac. Rly. Co. v. Finley,* 38 Kan. 550, 16 Pac. 951, the petition alleged the railway company drove cattle from a wreck. The answer alleged the owner by his agents drove the cattle. It was properly held the latter allegation was one of action by the owner, and not of appointment or authority.

In the case of *Light Co. v. Waller,* 65 Kan. 514, 70 Pac. 365, the action was one for damages by fire caused by negligent electric wiring. The petition charged that "the defendant, its officers and agents thereunto duly authorized and empowered," contracted to put lights in the building which burned. The issue in the case was

whether the defendant installed the lights, or another company. The syllabus reads:

"A failure to deny under oath an allegation that a principal through an agent did a certain act is not an admission that the principal did the act complained of." (Syl. ¶ 3.)

In the opinion it was said:

"This is an allegation of action, not of agency. It is nothing more than an averment that the defendant did these things." (p. 521.)

The petition did not designate anyone as having received appointment, disclosed no purpose to charge conferring of specified authority on any one, and the decision was manifestly correct.

In the case of *Stafford v. Noble*, 105 Kan. 219, 182 Pac. 650, the petition alleged authority of a daughter to use her father's automobile for her own pleasure, and then alleged that at the time of an accident she was operating the automobile under the authority conferred. It was said, obiter, the allegation of operating under authority was not admitted by failure to deny under oath.

Allegations of appointment and authority relate to conduct, and serve no purpose to charge the principal unless they relate to conduct of the agent complained of. It was immaterial that Flynn was the company's agent, unless he was agent to drive the automobile at the time of the accident. Two courses were open to the plaintiff. He could stop with the allegation of agency to sell automobiles. In that event, he would be required to prove the agent was driving the automobile in the course of business connected with sales, when the accident occurred. It was just as competent, however, for the plaintiff to allege directly agency to drive the automobile, as it was to allege agency to sell automobiles. If he did so, proof of the character indicated would be unnecessary, unless agency to drive were denied under oath.

In this instance the plain purpose was to bind the company for the act of its agent in running down the plaintiff. General agency was pleaded, and then when commission of the wrongful act was charged, both action and authority were alleged. The allegation of action was, "The Packard Motor Car Company and A. H. Flynn . . . drove an automobile . . . upon . . . the plaintiff." The allegation of authority was, "its agent who was thereunto duly authorized." The meaning of the word "thereunto" as used in the pleading may be expressed as follows: Thereunto = thereto = there + to = to that = to [do] that = to drive the automobile.

The result is, there was no issue to be tried respecting Flynn's agency for the company in doing the act which caused the injury.

The company's reason for not verifying its answers sufficiently appeared in the evidence admitted against Flynn, and appeared fully in the trial of Van Gundy's case (see post, p. 366). The car Flynn was driving belonged to the company, and when the accident occurred he was returning to the company's place of business from the place of business of a tire dealer where he had gone to look at a tire which he was considering purchasing for a truck belonging to the company.

There is nothing else of importance in the case. Demurrers to plaintiff's evidence were properly overruled, and motions for an instructed verdict were properly denied. . Instructions to the jury were carefully prepared, fully and accurately covered the case, and were not open to the objections urged against them. In argument to the jury plaintiff's attorney made use of an improper standard by which to measure damages. The court sustained objection to the argument, and instructed the jury to disregard it. The defendants cite decisions holding prejudice should be presumed notwithstanding the court's action. There is no such rule in this state. To work a reversal, prejudice must appear, and prejudice does not appear here because the amount of the verdict was warranted by the evidence.

The judgment awarding a new trial is reversed, and the judgment on the verdict is affirmed.