No. 28,034.

FRED S. CLARK, *Appellee*, v. J. H. BRADY, *Appellant*.

(266 Pac. 740.)

Opinion filed May 5, 1928.

*T. F. Railsback*, of Kansas City, for the appellant.

*C. M. Gorrill*, of Kansas City, *Henry H. Asher* and *M. A. Gorrill*, both of Lawrence, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This action is one to recover upon an oral contract to superintend the construction and remodeling of a building in Kansas City for the compensation of eight per cent of the cost of labor and material. The answer admits there was an oral agreement, but alleges it was only for the release from plaintiff's employment of one Mallott, a special foreman, to superintend the construction and remodeling of a building for the defendant, for which release the defendant agreed to pay the plaintiff a bonus of five per cent of the cost of the labor.

Trial was had by a jury on these two theories and a verdict was rendered for the plaintiff. Motion for a new trial was overruled and judgment was rendered for plaintiff and against defendant, from which defendant appeals.

Two errors are particularly assigned and supported by affidavits used on the hearing of the motion for a new trial: First, misconduct of the prevailing party in the use of prejudicial remarks by his counsel in the closing argument to the jury; and, second, misconduct of the jury in the jury room.

The remarks attributed to counsel for appellee in his closing argument are a comparison of the litigants as to financial ability, the defendant being described as a very wealthy man and the plaintiff as a poor man; that defendant would never miss the amount claimed by the plaintiff, because he had just signed a prize fighter's bond for several thousand dollars and was rich enough to be accepted on such a bond. The affidavit also shows defendant was referred to as a boss politician, and controlled the attorneys of his county, so that none of them would take this case against him.

The affidavit filed by the appellee on the hearing of the motion for a new trial sets out the remarks about signing the bond as follows: "That Mr. Brady owned thirty-five apartments; that he was rich enough that he could sign a bond for five thousand dollars, which was more than plaintiff was asking for in this case."

The affidavit filed shows that when appellant's counsel objected to the remark about defendant signing the prize fighter's bond the court remarked that "he did not understand the statement of counsel to have been so broad, but if counsel had said that Judge Brady had signed a bond it should not be considered by the jury." . This

seems to have been the only objection made in the course of the closing argument. The record shows that the defendant testified he was the owner of thirty-five pieces of improved property in Kansas City; that he had bought, repaired and sold several more; that he had held a number of political positions in his city and county, and was at the time of the trial county counselor. Aside from the question of the impropriety of discussing politics and comparative wealth, there was sufficient evidence in the record to furnish a basis for such remarks. The court evidently did not understand that counsel for appellee had said that defendant had signed such a bond, but took the precaution to tell the jury not to consider it if he had so stated.

"Before a judgment will be reversed for misconduct of counsel of the prevailing party occurring at the trial it must be made to appear that such misconduct prejudiced the rights of the defeated party.

"Ordinarily where the trial court has directed the jury to disregard the matter, and with full knowledge of all the circumstances has approved the verdict, and has overruled a motion for a new trial based upon the ground of misconduct, this court will not reverse the judgment." (*Smith v. Cement Co.*, 86 Kan. 287, syl., 120 Pac. 349. See, also, *Bortnick v. Cudahy Packing Co.*, 119 Kan. 864, 241 Pac. 442.)

There is no showing here that the jury was prejudiced by such remarks other than by a process of reasoning from cause to effect and a reasonable presumption, but presumptions of prejudice of the jury from questionable remarks do not obtain in this state. To effect a reversal, prejudice must appear, and it does not appear in this case. (*State v. Peterson*, 102 Kan. 900, 171 Pac. 1153; *Stimpson v. Motor Car Co.*, 114 Kan. 363, 366, 219 Pac. 501; *State v. Owen*, 124 Kan. 533, 261 Pac. 600.)

The second assignment of error relates to the misconduct of the jury in the jury room. It is stated by one of the jurors in an affidavit that the foreman, after reading the instructions, gave his interpretation of them, stating he had had considerable experience with jury work and understood such matters. He kept the instructions and read them whenever any one wanted to know something of what they contained, and this juror who made the affidavit did not get to read them. The juror further states that she desired to return a verdict for plaintiff for eight per cent of the labor bill only, and the foreman informed her the instructions did not permit such a verdict to be rendered, and for that reason she supported the ver-

dict of eight per cent on labor and material. The court had instructed the jury that if they found the oral contract to be as claimed by the plaintiff he would be entitled to recover eight per cent of the cost of labor and material, and if they found it to be as claimed by defendant the verdict for plaintiff should be five per cent of the cost of labor only. We are sure the foreman did not misinterpret the instructions when he said a verdict for eight per cent of the cost of labor only was not authorized by the instructions. We cannot call this misconduct in the jury room, and see nothing in the affidavit of this juror that points to anything prejudicial to the rights of the appellant.

"The rule followed that, while a juror may testify as to what transpires in the jury room, he cannot tell what considerations induced him to agree to the verdict, nor give his reasons therefor." (*Ohlson v. Power Co.*, 105 Kan. 252, syl. ¶ 2, 182 Pac. 393.)

"Before a judgment will be reversed because of misconduct of part of the jurors in making statements in the jury room, based on the knowledge of such jurors outside the evidence, where upon the whole record it appears that substantial justice has been done, it must affirmatively appear that the substantial rights of the party complaining have been prejudiced thereby." (*Hamilton v. Railway Co.*, 95 Kan. 353, syl. ¶ 6, 148 Pac. 648.)

The defendant admitted there was an oral contract between him and the plaintiff, and that under it he owed the plaintiff five per cent of the cost of labor only, which was five per cent of approximately $6,000, or $300, but the jury accepted and credited the theory of the plaintiff that he was entitled to a commission of eight per cent on the cost of labor, $6,000, and the approximate cost of material, $12,000, a total of $18,000, or $1,500 commission. The trial court approved this verdict as meting out substantial justice. In this we concur.

The judgment is affirmed.