## No. 39,944

PATRICIA PULKRABEK, by FRED PULKRABEK, Her Next Friend, *Appellant*, v. DARLOW LAMPE, et al., *Appellees.*

(293 P. 2d 998)

Opinion filed February 29, 1956.

*Harrison Smith,* of Garden City, argued the cause, and *James A. Williams,*

*C. W. Hughes* and *Byron G. Larson,* all of Dodge City, were with him on the briefs for the appellant.

*E. C. Minner,* of Dodge City, argued the cause, and *Harry A. Waite,* of Dodge City, and *John A. Etling,* of Kinsley, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This action was by an automobile passenger to recover damages for personal injuries sustained as a result of a collision between two automobiles upon a public highway. Plaintiff failed to recover, hence this appeal.

The facts, events and proceedings necessary to give readers of this opinion a proper understanding of what is involved on appellate review can be briefly stated.

About 1:30 a. m. on April 18, 1954, at a point on U. S. Highway 50 South, just a few feet inside the west city limits of Dodge City, two automobiles collided on such highway. Prior to and at the moment of the collision plaintiff, a girl seventeen years of age, and her older sister were riding as guest passengers in one of the vehicles, which was going west and was being driven by a man named John Croslin. The other vehicle, owned by the defendant Donald Randel, nineteen years of age, was proceeding east on the highway into Dodge City and was being operated by the defendant Darlow Lampe, also nineteen years old. A younger brother of Lampe, not here involved, was riding in the same automobile.

As a result of the collision of the automobiles in question plaintiff sustained personal injuries. Thereafter she brought suit, in the name of Fred Pulkrabek as her next friend, against the two minor defendants Randel and Lampe, alleging numerous acts of negligence on the part of the latter as the driver of the Randel automobile. She did not make the driver of the vehicle in which she was riding a party defendant. In due time the defendants filed their answer alleging numerous acts of negligence on the part of the plaintiff.

With issues joined as heretofore indicated the case was tried by a jury which returned a general verdict for the defendants along with its answers to submitted special questions. On the same day the trial court approved the verdict and rendered judgment thereon in favor of the defendants and against plaintiff for the costs of the action.

The day following rendition of the judgment plaintiff filed her

motion for a new trial wherein, among other things not here in question, she moved the court for an order vacating the general verdict of the jury and granting her a new trial on all issues upon the following ground:

"Because of misconduct of the jury. While the jury was deliberating, it caused the bailiff to bring to them a dictionary, without permission or knowledge of the court, which said bailiff did, and the jury looked up the dictionary meaning of the word 'proximate', which was a term the court had defined in its instructions for the benefit of the jury. That said action substantially affected the rights of this plaintiff."

At the hearing on the motion for a new trial, and with direct reference to the specific ground above quoted, the parties entered into a stipulation which reads:

"It is stipulated by and between counsel for the respective parties that the jury while deliberating in this case, without permission of the Court, caused the Bailiff to bring to the jury room from the Sheriff's Office a dictionary, which is entitled 'WEBSTER'S COLLEGIATE DICTIONARY, FIFTH EDITION', and that the foreman of the jury looked up the definition of the word 'proximate' and read such definition to the jury; that said dictionary gives the following definition of 'proximate', and that this was the definition read to the jury: prox'i-mate (-mit), adj. (L. proximatus, past part. of proximate to approach, fr. proximus, superl. of propior nearer, and prope, adv., near.) Very close, as in space, time, order, meaning, etc.; often, nearest; next preceding or following.—proximately, adv."

After entering into the foregoing stipulation the trial court heard arguments respecting the merits of the motion for a new trial. Thereafter it overruled such motion in its entirety. Thereupon, although she gave notice of appeal from all adverse rulings, describing them, plaintiff brought the case to this court under a single specification of error, charging that "The Court erred in overruling appellant's motion for a new trial, particularly on the ground of misconduct of the jury." She now concedes the only question involved on appellate review is whether the trial court erred in refusing to grant her a new trial because of the heretofore stipulated action on the part of the jury prior to reaching its verdict.

The first contention advanced by appellant is that it is improper and constitutes misconduct for the jury to cause the bailiff to bring to the jury room a dictionary and to thereafter read therefrom the definition of "proximate" when the court had defined "proximate cause" in the instructions. We have no doubt, in fact the appellees concede, appellant's position on this point has merit. Therefore there is no need to labor the authorities cited to sustain

it. Indeed we go further and say that if the trial court had seen fit to reprimand the bailiff for procuring the dictionary and the members of the jury for their action with respect thereto we would have no hesitancy in approving that action. Even so, standing alone, it does not follow, as appellant contends, that every act of misconduct on the part of the jury, including conduct similar to that now under consideration, affords ground for the granting of a new trial or vitiates a verdict. This we may add is the rule in criminal cases (See, e. g., *State v. Stuart*, 129 Kan. 588, 590, 283 Pac. 630; *State v. Hockett*, 172 Kan. 1, 6, 238 P. 2d 539) to say nothing of the civil cases to which we shall presently refer.

Appellant's second and final contention is that she was entitled to a new trial on what we have just held was misconduct on the part of the jury. In this connection much of her argument is based on two propositions. The first that in and of itself such misconduct compels the granting of a new trial and the second that even if it does not do so it is of such character that it must be considered as prima facie evidence of reversible error and hence must be regarded as casting the burden upon appellees to establish that it did not prejudice her substantial rights. Let us see.

For present purposes it may be conceded that prior to 1909 decisions may be found in our reports holding that consideration by the jury of matters outside the record which might have a bearing upon any issue in the case and which may have influenced its verdict was misconduct for which a new trial was granted. With the revision of the code of civil procedure in 1909 came new and/or material changes in the statute, having for their purpose a revision of the rule announced in our earlier decisions, which have remained unchanged in the code from that time until the present date. For provisions of the code to which we have just referred see:

G. S. 1949, 60-760, which states:

"Any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party must be disregarded; and no judgment or order shall be reversed or affected by reason of such error or defect."

G. S. 1949, 60-3001, which, so far as here pertinent, provides:

"A new trial is a reëxamination in the same court of an issue of fact after a verdict by a jury, report of a referee or a decision by the court. The former verdict, report or decision shall be vacated and a new trial granted, on the application of the party aggrieved, when it appears that the rights of the party are substantially affected:

*"First.* Because of . . . misconduct of the jury. . . ."

And G. S. 1949, 60-3317, which reads:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in any case pending before it, the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

Following the advent of the foregoing sections of our statute, and in conformity with the intent and purpose of the legislature in enacting them, this court adopted the now well-established rule, to which it adheres, followed and stated in *Clark v. Brady,* 126 Kan. 59, 266 Pac. 740, where it is held:

"The decision in the case of *Hamilton v. Railway Co.,* 95 Kan. 353, 148 Pac. 648, followed and approved, to the effect that before a judgment will be reversed because of misconduct of the jury in the jury room it must affirmatively appear that the substantial rights of the party complaining have been prejudiced thereby." (Syl. ¶ 2.)

And in the opinion said:

"There is no showing here that the jury was prejudiced by such remarks other than by a process of reasoning from cause to effect and a reasonable presumption, but presumptions of prejudice of the jury from questionable remarks do not obtain in this state. To effect a reversal, prejudice must appear, . . ." (p. 61.)

Once the true rule for determining whether the trial court properly concluded the misconduct complained of did not require the granting of appellant's motion for a new trial it becomes obvious the sole question remaining is whether the record as presented affirmatively establishes that her substantial rights were prejudiced by the jury's having procured the dictionary and read the definition of the word "proximate" appearing therein. In approaching a decision on this question it must be kept in mind it is conceded that neither the court, the appellees nor the appellant had anything to do with the jury's action; that no one contends such action was influenced by bad faith or a desire on the part of the jury to work injustice as between the parties; and that the court, without objection by either party, had previously instructed the jury that "Proximate cause is that cause which in a natural and continuous sequence, unbroken by any new independent cause, produces the result com-

plained of, and without which the result and injury would not have occurred."

Upon careful analysis of the heretofore quoted dictionary definition of the word "proximate" and the trial court's instruction regarding "proximate cause" we find nothing in the term "proximate," as defined, which can be regarded as inconsistent with the concept of "proximate cause" as set forth in the instructions. It follows we would not be warranted in holding that in and of itself the mere fact the jury read such definition is sufficient to make it affirmatively appear the substantial rights of the appellant were prejudiced by that action.

Finally, directing our attention to the fact that in one answer to a special question the jury found the appellees were negligent in that they did not take precautions which could have been taken to avoid the accident and in the answer to another question found that such negligence was not the proximate cause of the collision, appellant insists such action by the jury affirmatively establishes prejudice to her substantial rights and therefore requires the granting of a new trial. We do not agree. It would add nothing to the body of our reports and we are not here disposed to detail the long and interesting arguments advanced by counsel for appellant in support of her position on this point. It suffices to say that when carefully considered and analyzed all such arguments, without any record proof thereof, are founded upon the basic premise that the answer to the second of the questions last above mentioned might have been influenced by the jury's consideration of the dictionary definition. That, in our opinion, is not sufficient to comply with the established rule of this jurisdiction that a judgment will not be reversed unless it affirmatively appears the substantial rights of the parties complaining have been prejudiced thereby. This, in view of other points heretofore determined, compels the conclusion the trial court's action in holding the misconduct of the jury complained of did not warrant the granting of a new trial must be upheld.

We believe there is another sound reason for reaching the conclusion just announced. From the record presented it appears that the trial court, which we pause to note was in much better position to pass on the situation than this court, was convinced that the misconduct of the jury was not such that prejudice therefrom resulted against the appellant. In that situation the general rule, with re-

spect to the disturbance of a ruling such as is here involved, is well established. See 39 Am. Jur., New Trial, 87 § 73, which reads:

"The refusal or denial of a motion for a new trial for alleged misconduct on the part of the jury is, as a general rule, a matter within the discretion of the judge presiding at the trial; and unless it appears that this discretion has been abused, that there has been palpable error, or that the judge has refused to review and consider the evidence by which the consideration of the motion should have been guided or controlled, his refusal to grant a new trial will not be disturbed. . . ."

In connection with the rule last quoted it may be stated that this court has always held that an order allowing or denying a motion for a new trial will not be reversed unless abuse of discretion by the trial court is apparent. See, e. g., *Clark v. Southwestern Greyhound Lines,* 146 Kan. 115, 69 P. 2d 20. Numerous other decisions of like import appear in our reports but to cite them would merely burden this opinion. They can be found by reference to West's Kansas Digest, Appeal & Error, §§ 977, 979, incl., and Hatcher's Kansas Digest, (Rev. Ed.), Appeal & Error, § 458.

Under circumstances such as have been heretofore related, particularly where the affirmative showing contemplated by the heretofore quoted sections of our statute has not been made, it cannot be successfully argued that the trial court abused its discretion in overruling the motion for a new trial.

The judgment is affirmed.

HARVEY, C. J., not participating.