**Nicholas ZERBINOS, Appellant,**

v.

**Kathleen LEWIS, Appellee.**

**No. 400.**

Supreme Court of Alaska.

Aug. 21, 1964.

---

18. 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565 (1940).

John M. Savage, of Irvine, Clark & Savage, Anchorage, for appellant.

James J. Delaney, Jr., of Plummer, Delaney & Wiles, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This is a personal injury case growing out of an automobile accident in the City of Anchorage on April 30, 1962. The plaintiff, Zerbinos, alleged in his complaint that as he was driving his car south on Gambell Street and came to a careful stop in a line of automobiles, he was struck from the rear by another car owned and negligently driven by the defendant, Kathleen Lewis, to his injury and damage in the sum of $25,000. The defendant admitted the occurrence of the accident but denied any negligence on her part or personal injury to the plaintiff. She alleged that the accident was the result of a sudden mechanical failure of the brakes on the car she was driving. The case was tried, to a jury which found for the defendant, and the plaintiff has appealed.

█ The plaintiff has specified a number of errors, the first being that the trial court committed reversible error by repeatedly refusing to allow him to propose certain hypothetical questions to his expert medical witness. The only hypothetical question which he points up in connection with this specification of error was put to the witness as follows:

"Q Dr. Mead, I'm going to ask you a hypothetical question now. I'll withdraw the previous question and I'll ask you this: Taking a man the age of Mr. Zerbinos in July of 1960 who has the symptoms that Mr. Zerbinos was exhibiting at that time; than [sic] assume that an operation is performed on this man who had the same —the herniated disc is treated and then assume that an arthritic problem is also present—arthritic problem in the back area —that there's

anxi—partial anxiety problem in that area and assume that this man is treated over the next 10 months or so—like being given muscle relaxants, arthritic drugs, things of that nature—assume this man does go back to work—does go back to his job and assume that approximately 10 months later suffers an accident or an injury and assume that uh—the diagosis [sic] —or the doctor diagnoses this injury as an acute cervical sprain and an acute lumbro-sacral sprain —I'd like to know in your medical opinion—and don't answer this question until Mr. Delaney has a chance to object if he wants to— whether this acute lumbro-sacral sprain or the acute cervical sprain would in any way, normally, or could reasonably tend to aggravate the original disc problem?"

Counsel for the defendant objected to the question on the ground that there was no evidence in the case to support the assumptions which the witness was asked to make, and the court sustained the objection. We find that the court ruled correctly.[1] In our examination of the record we find that at the time the hypothetical question was asked, there had been no evidence introduced to the effect that the plaintiff had been diagnosed as having suffered an acute cervical sprain and an acute lumbro-sacral sprain in the car collision of April 30, 1962. After the objection had been sustained counsel for the plaintiff admitted to the trial court that the ruling was "technically correct" and intimated that he might decide to recall Dr. Mead after another expert, Dr. Keister, had testified. Dr. Keister did later testify that he had made the diagnosis assumed in

1. Sullivan v. City & County of San Francisco, 95 Cal.App.2d 745, 214 P.2d 82, 92 (1950); Temple v. Continental Oil Co., 182 Kan. 213, 320 P.2d 1039, 1051 (1958). See also Willis v. Western Hosp. Ass'n, 67 Idaho 435, 182 P.2d 950, 957 (1947), in which it was held that the trial judge may permit an examining counsel at any stage to include in a hypothetical question facts of which he
proposes to furnish evidence, the answer being received subject to being stricken in case the necessary evidence is not furnished; but that ordinarily the facts upon which a hypothetical question is based must be proved before the question is asked, and it is within the judge's discretion to refuse to allow the question to be put until the foundation in the evidence is actually laid.

the hypothetical question, but Dr. Mead was never recalled and again asked the hypothetical question.

The second error specified is as to the refusal of the trial court to admit into evidence certain hospital records covering the period that the plaintiff spent in the hospital after the accident and duly authenticated by stipulation. The defendant objected to the admission of the records on the ground that they constitute hearsay and the trial judge sustained the objection, stating that the records contained information which he did not think should go to the jury "in the best interest of justice" and that the records did not contain any information which the plaintiff could not prove by the doctor who attended him.

█ It cannot be denied that the hospital records constituted hearsay,[2] but by court rule in Alaska they are admissible as evidence if they meet the requirements of Civil Rule 44(a) (1) which reads:

"Writings offered as memoranda or records of acts, conditions, or events are admissible as evidence of the facts stated therein if the court finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness. The word 'business' as used herein shall include every kind of business, profession, occupation, calling or operation of institutions, whether carried on for profit or not."

█ The hospital records in this case were authenticated by stipulation. The defendant makes no claim that they were untrustworthy or privileged and we have no way of judging the defendant's assertion that they contained irrelevant matter because the records were not sent up on appeal. Under these circumstances we conclude that it was error for the trial court to refuse to admit the records in evidence. In many jurisdictions today, under statutes similar to our Rule 44(a) (1), hospital records are held to be admissible when relevant to an issue and when a proper foundation has been laid.[3]

However, we consider the error of the trial court in this instance to have been harmless. Civil Rule 61 provides in that respect:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding *must disregard* any error or defect in the proceeding which does not affect the substantial rights of the parties." [Emphasis added.]

██ The foregoing rule is identical to Rule 61 of the Federal Rules of Civil Procedure and has been interpreted by the federal courts to require the appellant on

2. For an informative discussion of the hearsay aspect of business records in general and hospital records in particular and the circumstances under which such records have been held admissible in evidence as an exception to the hearsay rule, see McCormick, Evidence, §§ 281–90 (1954).

3. Carney v. RKO Radio Pictures, 78 Cal. App.2d 659, 178 P.2d 482, 487 (1947); Wickman v. Bohle, 173 Md. 694, 196

A. 326, 329 (1938); Brown v. St. Paul City Ry., 241 Minn. 15, 62 N.W.2d 688, 696, 44 A.L.R.2d 535 (1954); Allen v. St. Louis Pub. Serv. Co., 365 Mo. 677, 285 S.W.2d 663, 666–667, 55 A.L.R.2d 1022 (1956); Williams v. Alexander, 309 N.Y. 283, 129 N.E.2d 417 (1955); Weis v. Weis, 147 Ohio St. 416, 72 N.E.2d 245, 249–252, 169 A.L.R. 668 (1947); Gallagher v. Portland Traction Co., 181 Or. 385, 182 P.2d 354 (1947). See also 6 Wigmore. Evidence § 1707 (3d ed. 1940).

appeal to bear the burden of proving prejudice as well as error.[4] We regard this as being a correct interpretation of the rule. In the instant case the plaintiff has not sustained the burden that was his. While he asserts in his second specification of error that the hospital records would have substantiated his own testimony concerning his experience in the hospital, he does not explain how this would have come about or why his testimony needed to be substantiated as, for instance, where it might have been discredited by other evidence in the record. Furthermore he did not make the hospital records a part of the record on appeal so that we might examine them to determine whether it constituted prejudicial and reversible error for the trial court to reject them as evidence.

■ The plaintiff next contends that the trial court committed reversible error by admitting into evidence two receipts purportedly issued to the defendant for money paid to a service station for services rendered on her car, including items for brake adjustment and brake fluid, about two months prior to the accident. The plaintiff objected to the admission of these receipts on the grounds that they contained hearsay and that no proper foundation had been laid for their admission. We fail to find any substantiation in the record for this claim of error by the plaintiff. They were properly identified by the defendant in her testimony and they were relevant and material on the issue of unavoidable accident due to mechanical failure pleaded by the defendant.

This brings us to the question arising out of the plaintiff's fourth specification of error,[5] that is, what must be included in the fact predicate of a hypothetical question propounded to an expert witness?

Charles Timbrook, called as a witness by the defendant, who was his stepdaughter, testified that he examined the defendant's car after the accident and found that the foot brake when depressed went all the way to the floor board. He also discovered that the brake connection on the left front wheel was loose and that this had permitted brake fluid to squirt out onto the wheel. He tightened the connection and replaced the brake fluid, and the foot brake then worked again. On cross-examination he stated that it took him only one complete turn of the flexible connection on the brake line to tighten the connection.

Wayne Baskett, a police officer, also called as a witness by the defendant, gave an account of his investigation of the accident immediately after it occurred and before either of the cars involved had been moved. He noted the same defect in the foot brake of the defendant's car as was testified to by Timbrook. Under the left front wheel of the car he found a puddle of brake fluid which had left a trail of drippings for a distance of about thirty-six feet to the rear. He estimated the total amount of brake fluid on the pavement to have been about one pint, which he believed was the approximate brake fluid capacity of the defendant's car—a 1955 Oldsmobile.

The foregoing testimony of Timbrook and Baskett stood undisputed in the record

4. Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 477, 87 L.Ed. 645, 651, 144 A.L.R. 719 (1943); Creekmore v. Crossno, 259 F.2d 697 (10th Cir. 1958); Railway Express Agency v. Epperson, 240 F.2d 189, 193–194 (8th Cir. 1957).

5. The plaintiff states his fourth specification of error as follows:
    "The court's ruling that all facts suggested by opposing counsel and/or the court, previously in evidence, must be included in the proposed hypothetical inquiry to appellant's expert mechanic, Mr. Lloyd Smith, placed an unreasonable evidentiary burden on appellant's shoulders as was reversible error. The objections raised by the defendant and the suggestions made to appellant, as to what facts should be incorporated in his proposed hypothetical question, both by the appellee and the court are too lengthy to set out (transcript p. 293–297). The full substance of the witness' answer, in his capacity as an expert mechanic, would have been that it was not reasonably probable that one's brakes would go all the way to the floor upon contact merely because the wheel cylinder screw is loose approximately one turn."

at the time that the plaintiff called Lloyd Smith, an expert automobile mechanic, as a rebuttal witness. He testified on direct examination that, if a brake connection is loosened by one turn, he would expect the brake fluid to be lost gradually; that in such circumstances he would expect to find leakage; and that, if the wheel cylinder is leaking, it will lead first to the brake slipping and grabbing and cause the pedal to become gradually soft and spongy.

Then on redirect examination, after several unsuccessful attempts by plaintiff's counsel to frame an acceptable hypothetical question for this witness to answer, the following question was asked of the witness:

"Assume that you have a 1955 Oldsmobile that's exhibited no difficulty with the brakes prior to this accident; no sponginess in the pedal, no loss of pedal or anything of that nature. Assume that the flexible line, that's the flexible connection, is loose approximately one turn, that means a 360 degrees on a minute, and assume that it's finger loose so at least you can turn it with your finger at that point; assume that this vehicle was in an accident and that for 36 feet prior to the accident there's a trail of brake fluid on the ground and after the accident there's a puddle of brake fluid under [sic] the puddle and that the total accumulation of this fluid is approximately one pint; now in terms of reasonable probabilities, is it reasonably probable that as this accident occurred, the person putting on the brakes would lose the brake pedal all at once, in other words—the brake pedal would just go right down to the floor."

Defense counsel objected to the question on the grounds that it called for an answer on a matter already established by the undisputed evidence in the case. The trial court, however, permitted the witness to answer and he then replied to the question as follows:

"It's not reasonably possible for—if with just that type of a leak—for there to be that much brake fluid on the ground;"

whereupon the court instructed the jury to "disregard his answer because that [the presence of a pint of brake fluid on the ground] must be assumed in the action." The plaintiff interposed no objection to the court's peremptory instruction to the jury.

■■ We find here no error, for where the material facts are undisputed as they were in this case regarding the amount of brake fluid observed on the ground after the accident, and the sole question is whether a certain admitted condition might or could have produced a claimed result (sudden, complete loss of the braking effect of the foot brake), the prevailing rule is that every fact in evidence which might affect the opinion called for must be incorporated in the hypothesis.[6] By his answer Lloyd Smith indicated that he would have to dispute the likelihood of some of the very facts that he was properly asked to assume.

■ Finally the plaintiff charges that the trial court committed reversible error in giving an instruction on unavoidable accident[7] over the plaintiff's objections where the complaint alleged ordinary negligence and the evidence showed, without contradiction, that the defendant never en-

6. Dobbs v. State, 191 Ark. 236, 85 S.W. 2d 694, 699 (1935); Cochran v. Gritman, 34 Idaho 654, 203 P. 289, 295–296 (1921); Opp v. Pryor, 294 Ill. 538, 128 N.E. 580, 583–584 (1920); Brown v. Ann Arbor R. R., 183 Mich. 574, 149 N.W. 1031, 1034 (1914); Smith v. Twin City Motor Bus Co., 228 Minn. 14, 36 N.W.2d 22, 25–26 (1949); Cates v. State, 171 Miss. 106, 157 So. 95 (1934); Hahn v. Hammerstein, 272 Mo. 248, 198 S.W. 833, 836–837 (1917); Stuhr v. Barkwill, 215 Or. 285, 332 P.2d 603 (1958); Karavas v. Poulos, 381 Pa. 358, 113 A.2d 300, 304 (1955); Tugman v. Riverside & Dan River Cotton Mills, 144 Va. 473, 132 S.E. 179, 184–185 (1926); Helman v. Sacred Heart Hosp., 62 Wash.2d 136, 381 P.2d 605, 613 (1963).

7. The instruction complained of in the plaintiff's fifth and last specification of error was given as follows: "In law we

gaged the emergency brake of the crashing vehicle when she realized that her foot brake was inoperative. This charge of error we find to be well taken and serious enough to require the granting of a new trial.

The plaintiff points out that in Harrison v. Garner [8] this court held that if the evidence in the case was such that the jury could have found that the defendant's own lack of care created or brought about the situation where the accident became inevitable or unavoidable, the giving of an instruction on unavoidable accident constituted reversible error. From this he seems to argue that the instruction would have been proper in this case if the evidence had shown only sudden brake failure as the cause of the collision. But, since the evidence showed also an affirmative failure on the part of the defendant to apply her emergency brake to prevent the collision or lessen the impact thereof, he contends that it was reversible error to give the instruction. We find the plaintiff to be correct in the position he takes on this issue. The defendant herself testified that her car had an emergency brake which was in working condition at the time of the accident, but that she did not use it for the reason that she was not accustomed to using it and in her own words, "just didn't think to use it." Under such circumstances it was reversible error to give the instruction on unavoidable accident.[9]

The case is therefore reversed and remanded for a new trial in accordance with this opinion.

---

recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence."

8. 379 P.2d 948 (Alaska 1963).

9. See Tyree v. Dunn, 315 P.2d 782, 784 (Okl.1957), in which the factual situation was quite similar to that in the case under consideration and the appellate

---

court speaking of the defendant's admitted failure to use his emergency brake stated:

"This evidence does not raise the issue of 'unavoidable accident' and the submission of the issue to the jury was prejudicial to the rights of plaintiff, resulting in a miscarriage of justice. No negligence was shown on the part of plaintiff whatsoever. By the use of means suggested by common prudence, the defendant could have prevented the accident; therefore, the accident was not unavoidable."