Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Jack **ROBERTSON** and Nadene Joyce **Robertson**, Appellants (Defendants below),

v.

**STATE HIGHWAY COMMISSION** of **Wyoming**, Appellee (Plaintiff below).

No. 3717.

Supreme Court of Wyoming.

March 5, 1969.

Robert A. Hufsmith, of Hufsmith & Gowen, Jackson, for appellants.

James E. Barrett, Atty. Gen., Glenn A. Williams, James O. Douglass, Special Asst. Attys. Gen., Cheyenne, for appellee.

Mr. Justice McINTYRE delivered the opinion of the court.

This is an eminent domain case. The only contention made by appellants, who are landowners, is that the district court erred in not allowing their motion to quash the summons in condemnation.

Rule 71.1(d) (1), W.R.C.P., pertaining to condemnation provides, at the time of filing the complaint, the plaintiff shall apply to the court for an order fixing the time and place for a hearing on the complaint. The contention is this was not done. No other irregularities in procedure are claimed.

The record shows that a proper complaint for condemnation was filed; that summons in condemnation was duly issued and served on the appealing defendants; that the summons notified defendants of the time and place when a hearing on plaintiff's complaint would be held before the District Court, Third Judicial District, Teton County, Wyoming; and that defendants were to appear and defend. Other requirements for a proper summons were contained in the summons served.

On the day specified in the summons for hearing, owners filed a written motion to quash the summons in condemnation on the ground that the time for hearing had not been established in the manner prescribed by Rule 71.1(d). There is nothing in the record to show what, if any, action was taken by the court on this motion. The record does disclose that on the same day defendants filed an answer to plaintiff's complaint. No objection to the court's jurisdiction and no mention of noncompliance with Rule 71.1(d) (1) was contained in this answer.

It is apparent there was a jury trial on the issue of damages, and yet appellants have failed to include a transcript of testimony or any showing of oral rulings by the court in the record on appeal. Rule 75(b), W.R.C.P., is definite and specific

in its requirements that, if an appellant wishes the record on appeal to contain less than all the proceedings and evidence of the case, he shall within 30 days after filing the notice of appeal serve upon the appellee and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal. No such designation appears in the record of this case.

We think the instant case is a proper case for application of Rule 61, W.R.C.P., which provides:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Rule 4, W.R.C.P., seems to set forth the fundamental requisites of process which are essential in giving a court jurisdiction. The rule would indicate that ordinarily jurisdiction is obtained by the proper filing of a complaint and by the issuance and service of a sufficient summons—all of which were done in this case.

A reference next to Rule 71.1(d) (1) shows that its purpose is to require a plaintiff in condemnation to arrange with the court for a time and place when a hearing can be had. This obviously is because the time for appearance is shorter than in the usual action, and pleadings prior to hearing are not necessarily required.

The application for fixing of a time and place when hearing can be had would be an *ex parte* matter. It is noted also that plaintiff's complaint recites that Jack and Nadene Joyce Robertson are the legal owners of a certain tract of land. The prayer of the complaint includes a prayer that the court take jurisdiction and make and enter any and all orders, judgments and decrees as may be necessary to bring all of the known owners and interested persons before the court. We need not decide whether the filing of a complaint with such a request constituted an application to the court for an order fixing the time and place for a hearing on the complaint because, regardless of whether the filing of the complaint sufficiently met the requirements of Rule 71.1(d) (1), we do not think defendants have been prejudiced.

If a plaintiff served process on a landowner notifying him that a hearing on the complaint for condemnation would be at a certain time and place, and if the hearing was had at a different time or place without further notice, there would be a doubt concerning the court's jurisdiction to proceed. In this case, however, it appears affirmatively from the record that the hearing took place at the time and place stated in the summons served upon defendants.

It is stated of the same rule as our Rule 61, in 3 Barron and Holtzoff, Federal Practice and Procedure, § 1351, pp. 439–440, that the rule is merely declaratory of old principles of law established by statute and rules of equity; that the critical consideration is the seriousness of the error, not its occurrence; and that complete acceptance and familiarity of the principle stated is instanced by the fact that it is routinely applied in condemnation proceedings.

 The general rule is that procedures, in order to warrant a reversal, must not only be erroneous but also must be prejudicial. This is a rule so universally accepted and followed that it would seem unnecessary to cite authority for it. We will mention as typical cases, however, Boyce v. Northern Utilities Company, 75 Wyo. 500, 297 P.2d 820, 827; Pulkrabek

v. Lampe, 179 Kan. 204, 293 P.2d 998, 1002, 54 A.L.R.2d 732; and Capen v. Wester, 58 Wash.2d 900, 365 P.2d 326, 327.

Appellants in this case have not attempted to suggest wherein they have been prejudiced or harmed by the fact plaintiff did not comply strictly with Rule 71.1 (d) (1), and they have cited no authority for the proposition that an irregularity like the one complained of is prejudicial.

This brings us to the general rule that prejudice is never presumed; and the burden is upon the appealing litigant to establish prejudicial error. Tompkins v. Byrtus, 72 Wyo. 537, 267 P.2d 753, 756; In re Utah-Idaho Sugar Co., 57 Wyo. 425, 120 P.2d 601, 608; Batts v. Carter, Okla., 312 P.2d 472, 475; Thompson v. Davis, 117 Colo. 82, 184 P.2d 133, 138; Zerbinos v. Lewis, Alaska, 394 P.2d 886, 889–890.

There appearing to be no reason in this case for an exception to the general rule, and in the absence of any showing by appellants of prejudice or even any suggestion that their substantial rights have been adversely affected by the fact plaintiff did not comply strictly with Rule 71.1 (d) (1), we cannot reverse the result arrived at by the district court.

Affirmed.