Michael John NOTAR and James J. Miller, Appellants,

v.

STATE of Alaska, Appellee.

Nos. 3306, 3307.

Supreme Court of Alaska.

July 7, 1978.

Bruce Monroe, Brich, Horton, Bittner & Monroe, Juneau, for appellants.

Larry R. Weeks, Dist. Atty., Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

CONNOR, Justice.

Appellants were convicted by a jury in the district court of joyriding in violation of AS 28.35.010.[1] Michael Notar was sentenced to nine days with eight suspended and a fine of $400, while James Miller was sentenced to 12 days with 11 suspended and a fine of $500. Their convictions were affirmed in the superior court. They appeal on the ground that there was insufficient admissible evidence in the district court to

1. AS 28.35.010 provides in part:

"(a) A person who drives, tows away, or takes a vehicle not his own without the consent of the owner, with intent temporarily to deprive the owner of possession of the vehicle, or a person who is a party or accessory to or an accomplice in the driving or unauthorized taking is guilty of a misdemeanor, and upon conviction is punishable by imprisonment for not less than 30 days nor more than one year, and by a fine of not less than $100 nor more than $1,000."

sustain the jury's finding that the vehicle was taken without the owner's consent.

The evidence at trial showed that Notar and Miller were seen in an intoxicated condition in front of the Baranof Hotel in Juneau, Alaska, and that within a few seconds thereafter an American Sightseeing bus was driven away. Notar and Miller were apprehended within a few minutes while they were fleeing from the location of the bus, which was then stopped in the middle of the street, a few blocks away from the Baranof Hotel. The assigned driver of the bus was inside the Baranof Hotel at the time the bus was driven away.

Appellants contend that the company record concerning bus driver assignments for the day on which the joyriding violation took place was erroneously admitted into evidence at trial under the business records exception to the hearsay rule. The general manager for the Juneau office of American Sightseeing testified that, according to company policy, only the office manager has authority to give individuals permission to use the company buses. Further, he testified that the driver assignments are recorded daily in the normal course of business. He then testified that Lloyd Martin was assigned the bus in question on the day of the unauthorized taking and that Martin was the only person authorized to operate that particular bus. The company record concerning the bus driver and day in question was then introduced into evidence by the state. We have reviewed the record below and find that the business records introduced to prove lack of owner's consent were properly admitted under the business record exception to the hearsay rule. *See* Alaska Civil Rule 44(a)(1); Alaska Criminal Rule 26(e); *Zerbinos v. Lewis*, 394 P.2d 886, 889 (Alaska 1964). This evidence was sufficient to enable the jury to find that the appellants acted without the consent of the owner of the vehicle.

Appellants also contend that the state had to prove which of them drove the bus in order to convict each of them of the offense of joyriding. In addition, appellant Miller argues that the language of the complaint charging him with "partaking in unauthorized taking of a bus . . . ." precludes his conviction as a principal. The joyriding statute, AS 28.35.010, abolishes any distinction between principal and accomplice. *See also* AS 12.15.010; *Scharver v. State*, 561 P.2d 300, 302 (Alaska 1977); *Anthony v. State*, 521 P.2d 486, 495 (Alaska 1974); *Tarnef v. State*, 492 P.2d 109, 116 (Alaska 1971). Therefore, the state did not have to prove which of the two had driven the bus in order to convict each of them of the offense of joyriding.[2]

The judgments below are affirmed.

AFFIRMED.

---

**2.** Appellants also contend there was error in the trial court's refusal to give certain jury instructions. As to this issue, we find no abuse of discretion and no error.